# United States Court of Appeals for the Federal Circuit

04-3040

EDWARD J. DOWLING,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

William Lafferty, Lafferty & Lafferty, of Burlington, Massachusetts for petitioner.

David A. Harrington, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, and William F. Ryan, Assistant Director. Of counsel were Franklin E. White Jr., Assistant Director; John S. Groat and Gerald M. Alexander, Attorneys. Also of counsel was Wade Plunkett, Attorney, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

Appealed from:    United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

04-3040

EDWARD J. DOWLING,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 22, 2004

_____

Before RADER, DYK, and PROST, Circuit Judges.

PROST, Circuit Judge.

The petitioner, Edward Dowling, asks this court to review the final decision of the Merit Systems Protection Board ("the Board") granting the appeal of the Office of Personnel Management ("OPM") and rejecting his request that his active duty military service be counted towards his Civil Service Retirement System ("CSRS") retirement annuity.  Dowling v. Office of Pers. Mgmt., Docket No. BN831M020061-I-1 (M.S.P.B. Sept. 8, 2003).  Because the Board's decision was not arbitrary, capricious, an abuse of discretion, otherwise not in accordance with the law, or unsupported by substantial evidence, we affirm.

## BACKGROUND

The petitioner served on active duty in the U.S. Army between March 4, 1962 and September 1, 1962.  Four years later, on May 2, 1966, he was appointed to a civilian position in the Army that required him, as a condition of his employment, to

maintain his membership in the National Guard. He continued in this position until July 31, 1987. Mr. Dowling then began service in the Massachusetts Army National Guard ("MAANG") and entered active guard reserve ("AGR") duty on August 1. On September 29 of that same year, he was separated from his position civilian position with the Army. He continued his AGR service until September 6, 1999 and was reappointed to his civilian position with the Army effective July 18, 1999. On February 16, 2001, Mr. Dowling lost his National Guard membership on account of his having reached sixty years of age. That same month, he applied for a CSRS annuity. The Army separated him from his civilian position for a second time on March 10, 2001, because of his loss of National Guard membership.

After receiving Mr. Dowling's CSRS annuity application, OPM began paying him CSRS retirement annuity payments, assuming that he was entitled to CSRS credit for his twelve years of AGR service. Eventually, however, OPM determined that he was not entitled to a CSRS credit for his twelve years of AGR service and informed him that he had received annuity payments that were in excess of what he was entitled to receive. After Mr. Dowling's request for reconsideration, OPM affirmed its initial decision.[1]

Mr. Dowling appealed OPM's decision to the Board. After a hearing, the Board's administrative judge issued an initial decision reversing OPM's decision. Dowling v. Office of Pers. Mgmt., Docket No. BN831M020061-I-1 (M.S.P.B. July 2, 2002). OPM filed a petition for review with the full Board and won a grant of its petition for review of

---

[1] In this case, the government is not seeking to recover the entire annuity paid to Mr. Dowling. Instead, it seeks recovery only of the excess annuity paid to Mr. Dowling.

the administrative judge's initial decision.  <u>Dowling v. Office of Pers. Mgmt.</u>, Docket No. BN831M020061-I-1 (M.S.P.B. Sept. 8, 2003) ("Final Decision").  The Board found that the petitioner waived his reemployment rights when he left his civilian position to enter AGR service.  Accordingly, the Board determined that he was not entitled to a full CSRS annuity and reversed the administrative judge's initial decision.  <u>Id.</u>

Mr. Dowling timely appealed the Board's decision to this court.  We have jurisdiction to hear this appeal under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must set aside any Board decisions that are:

>(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>
>(2) obtained without procedures required by law, rule, or regulation having been followed; or
>
>(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2004).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).

Mr. Dowling alleges that the Board wrongly reversed the administrative judge's initial order and improperly discounted his twelve years of AGR service in calculating his CSRS retirement annuity.  The crux of his argument is that when he left his civilian position with the Army in 1987, he still retained reemployment rights with the Army.  In his view, he exercised those rights when he returned to the Army in 1999 and, as a result, was entitled to have his twelve years of AGR duty counted towards his civilian CSRS retirement annuity.

Mr. Dowling does not dispute that his reemployment rights are governed by the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). See 38 U.S.C. § 4301-33 (2004). Instead, he argues that our precedent in Woodman v. Office of Personnel Management, 258 F.3d 1372 (Fed. Cir. 2001) is distinguishable from this case. He asserts that his case is different from Woodman's because, unlike Woodman, when he began his AGR service he could not have completed the twenty years of service prior to his sixtieth birthday required to receive full military retirement benefits. He also notes that he was reemployed by the Army whereas Woodman was refused reemployment by his civilian employer. Even if we accept Mr. Dowling's points of distinction as true, we nonetheless find his arguments unpersuasive.

As we noted in Moravec v. Office of Personnel Management, Docket. No. 04-3061, slip op. at 5-6 (Fed. Cir. Dec. 22, 2004), decided concurrently with this case, the key inquiry in USERRA cases under Woodman is whether or not a civilian employee intended to abandon his civilian career and commence career service within the military. The holding in Moravec is applicable here and also dispositive of the issue presented in this case.

The Board relied on several findings of fact in determining that Mr. Dowling intended to abandon his civilian career with the Army and to begin a military career. First, the Board noted that the AGR service for which Mr. Dowling was denied CSRS credit was almost as long the military service that voided Woodman's reemployment rights in Woodman. Moreover, that service was followed by only twenty months of civilian service. Those facts, along with the fact that the petitioner applied for CSRS retirement benefits before even being officially separated from his civilian position for

the second time, led the Board to conclude that the petitioner resumed his civilian employment with the Army in order to qualify for a CSRS retirement annuity and not in order to pursue a civilian career. Final Decision, slip op. at 9. Second, the Board found that instead of requesting a leave of absence from his civilian position in order to begin his AGR service, Mr. Dowling accepted a separation from his civilian position. Id. Third, the petitioner withdrew all of his civilian retirement contributions before leaving his civilian employment and entering AGR service. Id. The Board found that the totality of these facts and circumstances led to the conclusion that Mr. Dowling had intended to abandon his civilian career and begin a military career.

The Board's findings are well supported in the record and, taken as a whole, amount to the substantial evidence necessary to support the finding that Mr. Dowling intended to abandon his civilian career. In addition, as in Moravec, the factors that the Board considered in this case were appropriate and relevant to the determination that it was being asked to make (namely, whether Mr. Dowling intended to abandon his civilian career). Accordingly, we affirm the Board's determination that Mr. Dowling's AGR service should not have been credited towards his CSRS retirement annuity.

## CONCLUSION

For the aforementioned reasons, the Board's decision is affirmed.

## AFFIRMED

04-3040                                                    5