NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3464

WILLIAM R. LINDSLEY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  March 11, 2005

_____

Before MAYER, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

William R. Lindsley petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management (OPM) finding that his active duty military service was not creditable toward a Civil Service Retirement System ("CSRS") annuity.  Because the Board's decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we <u>affirm</u>.

Mr. Lindsley held a Federal civilian position in the Mississippi National Guard (MNG) from March 1, 1972 until August 17, 1986, when he was separated from that position.  He was on Active Guard Reserve ("AGR") duty in the MNG from August 18,

1986, until September 24, 1996, immediately after which he returned to civilian employment in the MNG.

In February 2002, Mr. Lindsley filed an application to make a deposit to obtain CSRS credit for his AGR service. After the MNG informed him that his AGR service was not creditable, Mr. Lindsley requested reconsideration by OPM of his application. OPM affirmed the denial of service credit, after which Mr. Lindsley appealed to the Board. The administrative judge assigned to the case issued an initial decision reversing OPM's decision. Lindsley v. Office of Pers. Mgmt., No. AT-0831-02-0767-I-1 (M.S.P.B. Nov. 27, 2002). The full Board granted OPM's petition for review, reversed the initial decision, and affirmed OPM's reconsideration decision as modified by the Board's opinion. Lindsley v. Office of Pers. Mgmt., 96 M.S.P.R. 259 (2004).

As correctly stated by the Board, Mr. Lindsley's AGR service is creditable for CSRS annuity purposes only if he had valid reemployment rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-33 ("USERRA"). See Moravec v. Office of Pers. Mgmt., 393 F.3d 1263, 1266-67 (Fed. Cir. 2004); Dowling v. Office of Pers. Mgmt., 393 F.3d 1260, 1262 (Fed. Cir. 2004). The Board applied the proper test for determining whether Mr. Lindsley had USERRA reemployment rights, i.e., whether or not he intended to abandon his civilian career for one in the military. See Moravec, 393 F.3d at 1268 (citing Woodman v. Office of Pers. Mgmt., 258 F.3d 1372, 1378 (Fed. Cir. 2001)). The Board found that Mr. Lindsley intended to pursue a military career based on the following facts: he was separated from his civilian position instead of seeking a leave of absence; shortly after his separation in 1986 he applied for and received a lump-sum refund of the retirement

contributions he had made during his first period of civilian employment; and he remained on active duty for a substantial period of time after consenting to an indefinite extension of his AGR duty. Thus the Board considered relevant and appropriate factors, and the totality of the Board's findings, which are supported by the record, constitutes substantial evidence supporting the Board's conclusion that Mr. Lindsley intended to abandon his civilian career. See Moravec, 393 F.3d at 1268; Dowling, 393 F.3d at 1263; 5 U.S.C. §7703(c). Furthermore, Mr. Lindsley has not shown that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. See 5 U.S.C. § 7703(c). We therefore must affirm the Board's determination that Mr. Lindsley did not have reemployment rights and therefore cannot receive credit for his AGR service.