NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3039

DAVID TAVARES,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: October 14, 2005

_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

David Tavares petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying Mr. Tavares's application for a retirement annuity under the Civil Service Retirement System ("CSRS"). Tavares v. Office of Pers. Mgmt., 94 M.S.P.R. 157 (2003) ("Final Decision"). We affirm.

DISCUSSION

I.

Mr. Tavares served as a civilian reserve technician in the Department of the Army between November 26, 1961, and September 29, 1983. Just one day after his separation from his civilian technician position, Mr. Tavares began service on active guard reserve (AGR) duty in the Massachusetts Army National Guard ("MAARNG"). On October 31, 1983, Mr. Tavares requested a refund of the retirement contributions he made while he held his civilian technician position. For almost fifteen years, Mr. Tavares served on AGR duty in MAARNG. On September 1, 1998, he returned to civilian employment in the Department of the Army and took a position as a civilian reserve technician in MAARNG. As a civilian technician, Mr. Tavares was required to maintain membership as a reservist in the National Guard. On November 11, 1998, upon his sixtieth birthday, he was separated from the National Guard. As a result of that separation, he was separated from his MAARNG civilian technician position two months later.

Upon separation from his civilian technician position, Mr. Tavares applied to OPM for a CSRS annuity. OPM rejected Mr. Tavares's application for an annuity. The OPM sustained this decision upon reconsideration on March 16, 2001. OPM concluded that Mr. Tavares's AGR service was not in fact creditable under the CSRS. Thus, Mr. Tavares did not meet the requirement in 5 U.S.C. § 8333(b) that he serve in a position subject to the CSRS for a total of at least one year out of the two years immediately prior to the separation on which his claim for an annuity was based.

Mr. Tavares appealed OPM's reconsideration decision to the Board. In an initial decision, the administrative judge ("AJ") to whom the appeal was assigned reversed the reconsideration decision. Tavares v. Office of Pers. Mgmt., No. BN-0831-01-0139-I-1 (Oct. 12, 2001) ("Initial Decision"). The AJ found that Mr. Tavares's AGR service was creditable and that Mr. Tavares had met the "1-out-of-the-last-2-years" requirement of 5 U.S.C. § 8333(b).

OPM filed a petition for review of the Initial Decision with the full Board. The Board granted the petition, reversed the Initial Decision, and affirmed OPM's reconsideration decision denying Mr. Tavares's application for a CSRS annuity. Final Decision, 94 M.S.P.R. at 159. The Board noted that, under 5 U.S.C. § 8332(c), military service may be creditable toward a CSRS annuity. The Board further noted that, pursuant to 5 U.S.C. § 8331(13), for purposes of § 8332(c), military service does not include service in the National Guard unless National Guard service interrupts creditable civilian service and "is followed by reemployment in accordance with chapter 43 of title 38 [of the United States Code] that occurs on or after August 1, 1990." Final Decision, 94 M.S.P.R. at 160-61 (quoting 5 U.S.C. § 8331(13) (2000)). Chapter 43 of title 38 contains the provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). See 38 U.S.C. §§ 4301-4334. In other words, in order for Mr. Tavares's military service to be creditable for purposes of entitlement to a CSRS annuity, it had to be followed by reemployment in civilian service in accordance with the provisions of USERRA. In that regard, the Board pointed out that in Woodman v. Office of Personnel Management, 258 F.3d 1372 (Fed. Cir. 2001), we held that the reemployment provisions of USERRA "apply only with respect to non-career military

service" and that a person may be found to have waived his reemployment rights by abandoning a civilian career in favor of one in the military. Id. at 1377-78.

Turning to the case before it, the Board found that, in the course of his AGR service, Mr. Tavares abandoned his civilian career in favor of a career in the military. Final Decision, 94 M.S.P.R. at 163. In making that finding, the Board noted that Mr. Tavares served in the AGR continuously for almost fifteen years, that he was receiving a form of retirement pay for his AGR service, and that he remained on active duty until only ten months before his separation from the National Guard Reserve on account of reaching the age of 60. Id. In addition, the Board noted that Mr. Tavares waited only one month after his separation from his MAARNG civilian position in 1983 before requesting a refund of his retirement contribution, suggesting that he intended to terminate his civilian career. Id. The Board concluded that the circumstances indicated that Mr. Tavares "returned to civilian employment only in order to receive a CSRS annuity, rather than in order to resume his civilian career." Id. Accordingly, the Board ruled that Mr. Tavares had waived his USERRA rights by abandoning his civilian career in favor of a career in the military. Id. at 164. Consequently, it held that he was not entitled to service credit under 5 U.S.C. § 8332(c) for his AGR duty. Id.

Finally, the Board ruled that Mr. Tavares's withdrawal of his CSRS retirement contributions following his separation from civilian service in 1983 barred OPM from crediting the service covered by those contributions toward any CSRS annuity unless Mr. Tavares was otherwise entitled to an annuity. See 5 U.S.C. §§ 8334(d)(1), 8342(a) (2000); Final Decision, 94 M.S.P.R. at 164. The Board noted that without credit for his prior civilian service, Mr. Tavares was not otherwise entitled to an annuity under

5 U.S.C. § 8336(b). Section 8336 entitles an employee with a total of twenty years of service to an annuity upon reaching sixty. The only creditable service with which Mr. Tavares was left was his brief period of service from September of 1998 through January of 1999. This service, the Board pointed out, was not enough to enable Mr. Tavares to satisfy the statutory requirement that a CSRS annuity be based on a total of at least twenty years of service. See 5 U.S.C. § 8336(b) (2000); Final Decision, 94 M.S.P.R. at 164-65. Because Mr. Tavares was barred from receiving an annuity under § 8336(b), the Board declined to reach the issue of whether Mr. Tavares could meet the "1-out-of-the-last-2-years" requirement of § 8333(b).

Based upon its analysis, the Board affirmed OPM's reconsideration decision denying Mr. Tavares's application for a CSRS retirement annuity. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

As seen above, the decision of the Board sustaining OPM's reconsideration decision was based upon two determinations. First, the Board held that Mr. Tavares's AGR service was not creditable service for purposes of 5 U.S.C. § 8332(c) because it was "military service" under § 1331(13). Second, the Board ruled that Mr. Tavares's

civilian service prior to September of 1983 was not creditable service for purposes of 5 U.S.C. § 8336(b).

On appeal, Mr. Tavares does not challenge the Board's holding with respect to his AGR service. Rather, he acknowledges in his reply brief that affirmance of that part of the Board's decision is compelled by our decisions in Dowling v. Office of Personnel Management, 393 F.3d 1260 (Fed. Cir. 2004), and Moravec v. Office of Personnel Management, 393 F.3d 1263 (Fed. Cir. 2004).

Mr. Tavares does contend, however, that his pre-September 1983 civilian service should be creditable for purposes of 5 U.S.C. § 8333(a).[1] He does not dispute that he never made a redeposit of his retirement contributions relating to his pre-September 1983 civilian service during the brief period between September of 1998 and January of 1999 when he was reemployed by MAARNG as a civilian technician. Rather, as he did before the Board, he argues that the reason he did not make the redeposit was because MAARNG's misinformation caused "Mr. Tavares to believe that he need not make a redeposit for his withdrawn retirement contributions in order to receive an annuity under the CSRS." As he also did before the Board, he urges that, in view of the fact that he was given incorrect information by his employing agency, he should be allowed to make

---

[1] Although the Board based its decision that Mr. Tavares was not entitled to a CSRS annuity on 5 U.S.C. § 8336(b), Mr. Tavares argues as if the Board's decision was based on 5 U.S.C. § 8333(a). Section 8333(a) requires that an employee complete at least five years of civilian service in order to become eligible for a CSRS annuity. 5 U.S.C. § 8333(a) (2000). In contrast, § 8336 states that an employee becomes entitled to an immediate annuity upon reaching the age of 60 and completing twenty years of service. 5 U.S.C. § 8336. Because Mr. Tavares does not have five years of creditable service, let alone twenty years, he is not entitled to an annuity under either provision.

the redeposit now and thereby become eligible for a retirement annuity based upon his pre-September 1983 service.

The Board rejected this argument. In so doing it stated:

> Finally, we note that the appellant may have been misinformed or otherwise mistaken about the consequence of his employment-related decisions on his entitlement to receive a CSRS annuity. The U.S. Supreme Court has held, however, that the government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a government official. Office of Personnel Management v. Richmond, 496 U.S. 414, 416, 434 (1990).

94 M.S.P.R. 165 (2003). We see no error in the Board's decision on this point. Office of Personnel Management v. Richmond stands as a clear bar to Mr. Tavares's claim that he should be allowed to redeposit his pre-September 1985 retirement contributions, even though the time allowed in the statute for doing so has passed. See Deerinwater v. Office of Pers. Mgmt., 78 F.3d 570, 573 (Fed. Cir. 1996) (finding Richmond barred an employee from filing an application for disability retirement outside the one year period allowed by statute even though the agency misinformed the employee about the filing deadline). Furthermore, unlike in Johnston v. Office of Personnel Management, 413 F.3d 1339, 1343 (Fed. Cir. 2005), there is no suggestion here that the agency failed to comply with a regulatory obligation to notify Mr. Tavares of his opportunity to redeposit his retirement contributions.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.