NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3036

PHILIP R. CORKERY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  October 14, 2005
_____

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

SCHALL, Circuit Judge.

DECISION

Philip R. Corkery petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the reconsideration decision of the Office of Personnel Management ("OPM") denying Mr. Corkery's application for a retirement annuity under the Civil Service Retirement System ("CSRS").  Corkery v. Office of Pers. Mgmt., 94 M.S.P.R. 118 (2003) ("Final Decision").  We affirm.

DISCUSSION

I.

Mr. Corkery served on active duty in the U.S. Army between October 13, 1957, and April 12, 1958. On January 24, 1959, Mr. Corkery was appointed to a civilian technician position in the Massachusetts Army National Guard ("MAARNG"). He served in that position until 1968. He also held a civilian technician position in MAARNG from May 24, 1976, through September 17, 1985. In September of 1985, upon separation from his civilian technician position, Mr. Corkery was activated to full-time Army National Guard duty and was placed on active guard reserve ("AGR") duty. Upon leaving his civilian position, Mr. Corkery withdrew his CSRS retirement contributions. Mr. Corkery served on AGR duty in MAARNG until December 6, 1997, at which time he was again appointed to a civilian technician position in MAARNG. As a civilian technician, Mr. Corkery was required to maintain membership as a reservist in the National Guard. On May 21, 1998, upon his sixtieth birthday, he was separated from the National Guard. As a result of that separation, he in turn was separated from his MAARNG civilian technician position eight days later on May 29, 1998.

Upon separation from his civilian technician position, Mr. Corkery applied to OPM for a CSRS annuity. Initially, OPM provided Mr. Corkery with interim annuity payments. These payments were made based upon the view that Mr. Corkery's AGR service was creditable for purposes of establishing entitlement to a CSRS annuity. On December 8, 1999, however, OPM informed Mr. Corkery that it had determined that he was not entitled to an annuity. OPM concluded that Mr. Corkery's AGR service was not in fact creditable under the CSRS and that he thus did not meet the requirement in 5 U.S.C.

§ 8333(b) that he serve in a position subject to the CSRS for a total of at least one year out of the two years immediately prior to the separation on which his claim for an annuity was based. On November 17, 2000, OPM issued a reconsideration decision affirming its December 8, 1999 decision.

Mr. Corkery appealed OPM's reconsideration decision to the Board. In an initial decision, the administrative judge ("AJ") to whom the appeal was assigned reversed the reconsideration decision. Corkery v. Office of Personnel Mgmt., No. BN-0831-01-0057-I-1 (Aug. 31, 2001) ("Initial Decision"). The AJ found that Mr. Corkery's AGR service was creditable and that Mr. Corkery had met the "1-out-of-the-last-2-years" requirement of 5 U.S.C. § 8333(b).

OPM filed a petition for review of the Initial Decision with the full Board. The Board granted the petition, reversed the Initial Decision, and affirmed OPM's reconsideration decision denying Mr. Corkery's application for a CSRS annuity. Final Decision, 94 M.S.P.R. at 119. The Board noted that, under 5 U.S.C. § 8332(c), military service may be creditable toward a CSRS annuity. The Board further noted that, pursuant to 5 U.S.C. § 8331(13), for purposes of § 8332(c), military service does not include service in the National Guard unless National Guard Service interrupts creditable civilian service and "is followed by reemployment in accordance with chapter 43 of title 38 [of the United States Code] that occurs on or after August 1, 1990." Chapter 43 of title 38 contains the provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). See 38 U.S.C. §§ 4301-4334. In other words, in order for Mr. Corkery's military service to be creditable for purposes of entitlement to a CSRS annuity, it had to be followed by reemployment in civilian service

in accordance with the provisions of USERRA. In that regard, the Board pointed out that in Woodman v. Office of Personnel Management, 258 F.3d 1372 (Fed. Cir. 2001), we held that the reemployment provisions of USERRA "apply only with respect to non-career military service" and that a person may be found to have waived his reemployment rights by abandoning a civilian career in favor of one in the military. Id. at 1377-78.

Turning to the case before it, the Board found that, in the course of his AGR service, Mr. Corkery abandoned his civilian career in favor of a career in the military. In making that finding, the Board noted that Mr. Corkery served in the AGR continuously for more than twelve years, that he extended his absence from his civilian position by serving multiple tours of active duty, and that he remained on active duty until only a few months before his separation from the National Guard Reserve on account of reaching the age of 60. Final Decision, 94 M.S.P.R. at 123. In addition, the Board noted that it saw no indication that Mr. Corkery "sought or obtained other civilian federal employment in lieu of retiring, or that he had any intention of doing so when he requested reemployment in his civilian position." Id. The Board concluded that the circumstances indicated that Mr. Corkery "returned to his civilian technician employment in order to receive a CSRS annuity, and not in order to resume the civilian career he had left more than a decade earlier." Id. at 124. Accordingly, the Board ruled that Mr. Corkery had waived his USERRA rights by abandoning his civilian career in favor of a career in the military. Consequently, it held, he was not entitled to service credit under 5 U.S.C. § 8331(13) for his AGR duty, id., and without service credit for the AGR duty he could not meet the requirement for entitlement to an annuity of 5 U.S.C. § 8333(b) that he

have served in a position subject to CSRS for a total of at least one out of the two years immediately prior to the separation on which the claim for an annuity was based, his service from December of 1997 through May of 1998 not being sufficient for that purpose.

Finally, the Board ruled that Mr. Corkery's withdrawal of his CSRS retirement contributions following his separation from civilian service in 1985 barred OPM from crediting the service covered by those contributions toward any CSRS annuity absent a redeposit of those contributions while employed in a position subject to the CSRS. See 5 U.S.C. §§ 8334(d)(1), 8342(a) (2000); Final Decision, 94 M.S.P.R. at 125. The Board noted that if Mr. Corkery had redeposited those contributions between the time he was appointed to his civilian position in December of 1997 and the time he was separated in May of 1998, he could have obtained credit for his civilian employment prior to the time he began his AGR service in September of 1985. Final Decision, 94 M.S.P.R. at 125. Because he had not made such a redeposit, however, the only creditable service with which Mr. Corkery was left was his brief period of service from December of 1997 through May of 1998. This service, the Board pointed out, was not enough to enable Mr. Corkery to satisfy the statutory requirement that a CSRS annuity be based on at least five years of creditable civilian service. See 5 U.S.C. § 8333(a) (2000); Final Decision, 94 M.S.P.R. at 125.

Based upon its analysis, the Board affirmed OPM's reconsideration decision denying Mr. Corkery's application for a CSRS retirement annuity. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

As seen above, the decision of the Board sustaining OPM's reconsideration decision was based upon two determinations. First, the Board held that Mr. Corkery's AGR service was not creditable service for purposes of 5 U.S.C. § 8332(c). Second, the Board ruled that Mr. Corkery's civilian service prior to September of 1985 was not creditable service for purposes of 5 U.S.C. § 8333(a).

On appeal, Mr. Corkery does not challenge the Board's holding with respect to his AGR service. Rather, he acknowledges in his reply brief that affirmance of that part of the Board's decision is compelled by our decisions in Dowling v. Office of Personnel Management, 393 F.3d 1260 (Fed. Cir. 2004), and Moravec v. Office of Personnel Management, 393 F.3d 1263 (Fed. Cir. 2004).

Mr. Corkery does contend, however, that his pre-September 1985 civilian service should be creditable for purposes of 5 U.S.C. § 8333(a). He does not dispute that he never made a redeposit of his retirement contributions relating to his pre-September 1985 civilian service during the brief period between December of 1997 and May of 1998 when he was reemployed by MAARNG. Rather, as he did before the Board, he argues that the reason he did not make the redeposit was because he was misinformed

by MAARNG that "he did not have to make the redeposit because he was otherwise eligible for an annuity based on his MAARNG reemployment." As he also did before the Board, he urges that, in view of the fact that he was given incorrect information by his employing agency, he should be allowed to make the redeposit now and thereby become eligible for a retirement annuity based upon his pre-September 1985 service.

The Board rejected this argument. In so doing it stated:

> While the appellant's receipt of, and reliance on, such misinformation would of course be most unfortunate, it does not provide a proper basis on which to credit the service at issue despite the failure to make the redeposit, and it does not provide a proper basis on which to pay the appellant an annuity to which he is not entitled under the law. See Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 416, 434 (1990) (the government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a government official).

94 M.S.P.R. 118 (2003). We see no error in the Board's decision on this point. Office of Personnel Management v. Richmond stands as a clear bar to Mr. Corkery's claim that he should be allowed to redeposit his pre-September 1985 retirement contributions, even though the time allowed in the statute for doing so has passed. See Deerinwater v. Office of Pers. Mgmt., 78 F.3d 570, 573 (Fed. Cir. 1996) (finding Richmond barred an employee from filing an application for disability retirement outside the one year period allowed by statute even though the agency misinformed the employee about the filing deadline). Furthermore, unlike in Johnston v. Office of Personnel Management, 413 F.3d 1339, 1343 (Fed. Cir. 2005), there is no suggestion here that the agency failed to comply with a regulatory obligation to notify Mr. Corkery of his opportunity to redeposit his retirement contributions.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.