NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CESAR A. DELA ROSA,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3078

---

Petition for review of the Merit Systems Protection Board in No. SF831E120107-I-1.

---

Decided: October 15, 2013

---

CESAR A. DELA ROSA, of La Union, Philippines, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before NEWMAN, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Cesar Dela Rosa seeks review of a final decision of the Merit Systems Protection Board (the "Board") finding that his application for disability retirement benefits was untimely. *Dela Rosa v. Office of Pers. Mgmt.*, 119 M.S.P.R. 244 (2013). Because substantial evidence in the record supports the Board's decision, we affirm.

I

Mr. Dela Rosa retired from the United States Navy on October 29, 1980, after serving for twenty years. He then worked as a civilian for the Department of the Navy from December 18, 1981 until November 28, 1988, when he resigned and separated from federal service. *Id.* at 2.

In early 2009, Mr. Dela Rosa suffered a stroke. In September 2010, he filed an application for disability retirement related to his federal civilian service with the Office of Personnel Management ("OPM"). After attempts to contact him, OPM sent Mr. Dela Rosa a letter in May 2011 to inform him that his request for disability retirement was untimely because "[t]he law requires that [such] applications . . . be filed with OPM either prior to separation from the service or within one year thereafter." Resp't's App. 36 (citing 5 U.S.C. § 8453). OPM also noted that it could waive the statutory filing deadline if Mr. Dela Rosa could provide evidence to show that (1) he was unable to handle his personal affairs due to either physical or mental disease or injury (in other words, "mentally incompetent") at the time of or within one year of his separation, and (2) he remained mentally incompetent at least until one year before he filed for disability retirement benefits.

In response, Mr. Dela Rosa stated that he was unable to file for disability retirement between 1988 and 2010 because he suffered from depression after a positive result from a Tuberculosis ("TB") skin test that took place in

1984. *Id.* at 39. Mr. Dela Rosa further explained that he "cannot manage to [be] reemployed again due of [his] having 'hypertension' and the need to take a full rest in order to ease from [his] illness." *Id.* at 40. His response also suggested he suffered from additional ailments as well. *Id.*

Mr. Dela Rosa submitted medical records to support his disability claim. Those records indicated that he was a "PPD converter"—someone who experienced a positive skin test for TB after testing negative previously. The documentation did not reveal any further testing for TB or any definitive TB diagnosis.

On June 21, 2011, OPM rejected Mr. Dela Rosa's disability retirement application because it was "not filed within the time limit set by law." *Id.* at 48. It found "no objective medical findings to establish incompetence or that [he] could not manage [his] affairs appropriately at the time of [his] separation on November 28, 1988, or within one year thereafter." *Id.*

Mr. Dela Rosa requested reconsideration and submitted additional medical records. OPM again found that the "evidence presented is not sufficient to show that [Mr. Dela Rosa was] mentally incompetent during the period November 28, 1988 to present, and [he] did not file an application for the disability retirement within the time limit provided by law." *Id.* at 55.

Mr. Dela Rosa appealed OPM's decision to the Board. The administrative judge ("AJ") for the Board affirmed, finding that Mr. Dela Rosa's disability application was untimely, since there was insufficient evidence to establish that he was incompetent. The AJ quoted from a recent medical report, dated August 16, 2011, which stated that Mr. Dela Rosa's "cognitive skills have remained intact," despite his 2009 debilitating stroke. *Id.* at 20. That same report also indicated that he tested positive for "mild depression," but negative for depression.

*Id.* at 96-97. In the AJ's view, the record did not support Mr. Dela Rosa's position that "he was incompetent to manage his affairs between the date of separation and the date he filed his disability retirement application, September 16, 2010." *Id.* at 21.

The Board declined Mr. Dela Rosa's petition to reconsider the AJ's decision. It explained that there was no reason to disturb the AJ's findings and reasoning. *Id.* at 55.

Mr. Dela Rosa filed a timely petition to review the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

Our review of Board decisions is limited. We must affirm the Board's decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *McLaughlin v. Office of Pers. Mgmt.*, 353 F.3d 1363, 1367-68 (Fed. Cir. 2004) (explaining that our standard of review is unaffected in cases concerning waiver of filing deadlines due to mental incompetence).

An application for disability retirement ordinarily must be filed with OPM "before [an] employee . . . is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b). That time limitation may be waived if, "at the date of separation from service or within 1 year thereafter," the applicant was "mentally incompetent," and "the application is filed with [OPM] within 1 year from the date of restoration of . . . competency." *Id.* Mental incompetence is "an inability to handle one's personal affairs because of either physical or mental disease or injury." *Rapp v. Office of Pers. Mgmt.*, 483 F.3d 1339, 1341 (Fed. Cir. 2007).

## III

There is no dispute that Mr. Dela Rosa's application for retirement disability was filed more than twenty years after his separation from federal service. Thus, absent mental incompetency during the relevant time period, Mr. Dela Rosa's disability claim may not be granted.

After reviewing the record, we see no error in the Board's finding that there was insufficient evidence to establish that Mr. Dela Rosa was mentally incompetent during the statutorily relevant time period. Mr. Dela Rosa claims that he was mentally incompetent due to depression brought on by a combination of factors, including a positive TB skin test. However, despite that test result, Mr. Dela Rosa was never definitively diagnosed with TB. In addition, that test occurred in 1984—four years prior to his separation, and during that time frame he was cleared for multiple subsequent service assignments with the Department of the Navy.

Mr. Dela Rosa also states that he has suffered from other maladies resulting from different causes, including exposure to asbestos and Agent Orange. Our thorough review of the record found no evidence, however, that any of these ailments rendered him mentally incompetent at any point between his November 28, 1988 separation date and the date that he filed for disability benefits twenty-two years later. The medical records he submitted do not mention any mental impairment—only a reference to "mild depression," after his 2009 stroke. Resp't's App. 20. Moreover, his medical provider found at that time—and the administrative judge specifically noted—that Mr. Dela Rosa's "cognitive skills . . . remained intact." *Id.* at 20.

We therefore conclude that the Board's finding that Mr. Dela Rosa was not mentally incompetent during the relevant statutory time period is supported by substantial evidence. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (explaining that substantial evidence is

that which a "reasonable mind might accept as adequate to support a conclusion"); *Dowling v. Office of Pers. Mgmt.*, 393 F.3d 1260, 1262 (Fed. Cir. 2004) (same). Accordingly, the Board did not err by affirming OPM's rejection of Mr. Dela Rosa's retirement disability claim as untimely.  The petition for review is denied.

## AFFIRMED

COSTS

No costs.