**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JACQUELINE R. MANUEL,<br> Appellant, | DOCKET NUMBER<br>DA-844E-15-0277-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br> Agency. | DATE: April 15, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jacqueline R. Manuel, Houston, Texas, pro se.

Tom Styer, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied her application for a disability retirement annuity under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 OPM, in its reconsideration decision, denied the appellant's FERS disability retirement application because it concluded that she did not have the required 18 months of creditable service. Initial Appeal File (IAF), Tab 5 at 4-5, 123. The record reflects that the appellant was employed as a "Casual" with the U.S. Postal Service (USPS) in December 1995. *Id.* at 35-36. Casuals are "part-time, temporary employees used to supplement the regular work force" and are noncareer employees. *Id.* at 37. The USPS later employed the appellant as a noncareer Rural Carrier Associate (RCA) from August 2005, to April 2008. IAF, Tab 5 at 26-32, 34, Tab 18 at 5. Her last day in a pay status was August 24, 2007. IAF, Tab 5 at 29.

¶3 The appellant filed an appeal with the Board, challenging OPM's reconsideration decision. IAF, Tab 1. The administrative judge affirmed OPM's reconsideration decision, finding that the appellant failed to prove by preponderant evidence that she completed 18 months of creditable civilian service as required to receive a disability retirement under FERS. IAF, Tab 33, Initial

Decision (ID) at 4. Specifically, the administrative judge found that the appellant's temporary service as a Casual and her intermittent service as an RCA were not creditable. ID at 4-8.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has filed a reply to the response. PFR File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    An appellant bears the burden of persuasion by a preponderance of the evidence in an appeal from OPM's decision on a voluntary disability retirement application. 5 C.F.R. § 1201.56(b)(2)(ii); *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 417 (1981). To be eligible for a disability retirement annuity under FERS, an employee must have completed at least 18 months of creditable civilian service. 5 U.S.C. § 8451(a); *see* 5 C.F.R. § 844.103(a)(1). We agree with the administrative judge that the appellant's employment at the USPS does not qualify as creditable service under 5 C.F.R. part 842, subpart A, and thus, she has failed to show that she meets the eligibility requirements for a disability retirement under FERS.

¶6    On review, the appellant challenges this finding. PFR File, Tab 1. She contends that, while the administrative judge found that she was an intermittent employee and did not work a regular schedule, she had passed her probationary period, was considered a regular RCA, and was assigned a 5-day regular route before her accident. In this connection, she claims that she worked the same hours, same shift, and same station as a regular RCA, and that all career Rural Carrier (RC) employees are first hired on as an RCA. *Id.* at 3-4.

¶7    As pertinent here, creditable service under FERS includes covered service performed after 1986. 5 C.F.R. § 842.304(a). The administrative judge correctly found that, for service to be covered, an individual must, among other things, be an "employee, Member, or specifically covered by another provision of law." ID

at 4; 5 C.F.R. § 842.103(a).  The definition of "employee" does not include "any individual excluded under section 8402(c) of this title."  5 U.S.C. § 8401(11)(ii). Section 8402(c)(1) provides the following:

> [OPM] may exclude from the operation of this chapter an employee or group of employees in or under . . . the United States Postal Service . . . whose employment is temporary or intermittent, except an employee whose employment is part-time career employment (as defined in section 3401(2)).

5 U.S.C. § 8402(c)(1).  "Part-time career employment" is defined by 5 U.S.C. § 3401(2) as excluding employment on a temporary or intermittent basis. 5 U.S.C. § 3401(2).  Under the authority granted in 5 U.S.C. § 8402(c)(1), OPM promulgated regulations which exclude appointments limited to 1 year or less and intermittent employees serving under other than career or career conditional appointments.  5 C.F.R. § 842.105(a).  Although the FERS regulations do not define "intermittent employment," OPM regulations governing "Other than Full‑Time Career Employment" define "intermittent employment" as "employment without a regularly scheduled tour of duty."  5 C.F.R. § 340.401(b).

¶8        Here, the record shows that the appellant was first employed as a Casual from December 9 to December 31, 1995, her service was less than a year, and there is no evidence that this appointment met the definition of a provisional appointment.[2]  IAF, Tab 5 at 36.  Thus, this "temporary" service was excluded from FERS coverage under 5 C.F.R. § 842.105(a).

¶9        Further, the appellant's service as an RCA between August 20, 2005, and April 10, 2008, is excluded as "intermittent" employment under 5 C.F.R. § 842.105(a)(2).  As the administrative judge correctly found, the appellant's employment records with the USPS reflect that her service as an RCA was not a

---

[2] A temporary appointment may be designated as a provisional appointment if, among other conditions, the agency intends to convert the appointee to a nontemporary appointment.  5 C.F.R. § 316.403.  In this case, the appellant's appointment as a Casual does not indicate any intention by the USPS to convert her to a nontemporary appointment.  IAF, Tab 5 at 36-37.

career appointment. Specifically, the appellant's Notification of Personnel Action forms consistently indicate that her retirement plan was Social Security,[3] not FERS, and that she was ineligible for participation in the Thrift Savings Plan, leave, and life insurance benefits. IAF, Tab 5 at 26-32. Additionally, the appellant's USPS supervisor testified during the hearing that RCAs are guaranteed work only 1 set day per week, otherwise work as needed, and are not eligible for FERS coverage.[4] Hearing Compact Disk (testimony of the appellant's supervisor).

¶10 Furthermore, while the appellant continues to argue that she is entitled to a FERS annuity because she was assigned to work a regular scheduled tour of duty and because all career RCs are initially hired as RCAs, she has failed to prove by preponderant evidence that the USPS ever converted her to a career RC. Rather, the record reflects that she remained employed in an intermittent RCA position, and her duty assignments varied in the number of hours, work shifts, and even station locations until the USPS separated her. IAF, Tab 5 at 26-32, Tab 13.

¶11 The appellant also argues on review that the administrative judge was biased and that he failed to provide her with a fair hearing. The Board has long held that, in making a claim of bias or prejudice against an administrative judge,

---

[3] The forms designate her "retirement plan" as "FICA." IAF, Tab 5 at 26-32.

[4] The appellant also continues to assert that her service was covered by FERS because she received two forms to submit with her Office of Workers' Compensation Programs (OWCP) application for benefits in which USPS officials indicated that she had FERS coverage. However, as the administrative judge correctly found, the incorrect information reflected on her OWCP forms does not bind the government to give the appellant benefits or credits to which she is not otherwise entitled. *Cf. Dowling v. Office of Personnel Management*, 94 M.S.P.R. 127, ¶ 15 (2003) (finding that evidence that the appellant may have been misinformed or otherwise mistaken about the consequences of his employment-related decisions cannot serve as a basis for finding him entitled to service credit he is otherwise not entitled to receive) (citing *Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (finding that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a Government official)), *aff'd*, 393 F.3d 1260 (Fed. Cir. 2004).

a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362‑63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

¶12        Here, the appellant challenges the administrative judge's decision not to allow opening statements during the hearing, and she also argues that the administrative judge prevented her from questioning witnesses concerning issues related to her Office of Workers' Compensation Programs (OWCP) benefits and her termination from the USPS. PFR File, Tab 1. However, the Board has held that an administrative judge has broad discretionary powers to rule on offers of proof, and to exclude irrelevant or repetitive evidence. *Ford v. Department of the Navy*, 43 M.S.P.R. 495, 500 (1990). In this instance, testimony concerning the appellant's termination and her receipt of OWCP benefits are not relevant to whether she has the minimum of 18 months of creditable service as required to qualify for a disability annuity under FERS.

¶13        Regarding the appellant's contention that the administrative judge showed bias by not permitting opening statements, the Board has held that opening and closing arguments are committed to the administrative judge's sound discretion, and the appellant has not shown that the administrative judge abused his discretion in this respect. *Id.* Moreover, the appellant has failed to support her claim with an affidavit and we find no evidence in the record to support her bias allegations. Her dissatisfaction with the administrative judge's adjudicatory

rulings does not establish bias. PFR File, Tab 1 at 2; *see Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 10-11 (2004) (finding that an administrative judge's rulings alone are insufficient to establish bias). Therefore, we find that the appellant's claims of bias fail to provide a basis upon which to disturb the initial decision.

¶14     The appellant also asserts that the initial decision included various errors with dates and numbers, i.e., the administrative judge stated that the hearing was on May 13, 2016, when it was on May 12, 2016, that she was terminated on April 10, 2007, when it was April 11, 2007, and that she submitted four, as opposed to 40, pay stubs. Based upon our review of the record, we find that any erroneous dates or numerals in the initial decision appear to be no more than inadvertent typographical mistakes, which did not prejudice the appellant's substantive rights, and thus, do not provide a basis to disturb the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶15     For example, while the administrative judge's May 4, 2016 summary indicates that the telephonic hearing was held on May 12, 2016, instead of May 13, the record reflects that the hearing CD was erroneously dated May 13, 2016, which the administrative judge appears to have relied upon when writing the initial decision. IAF, Tab 22. As to the appellant's separation date, the administrative judge relied upon a USPS document that reflects that the appellant's "separation date" was April 10, 2007, and that the USPS completed a "Clearance Record" related to her separation on April 11, 2007. IAF, Tab 20 at 15. Thus, we find no error in the administrative judge's identifying April 10, 2007, as the appellant's separation date.

¶16     Regarding the appellant's assertion concerning the number of pay stubs she submitted, the record reflects that the administrative judge explicitly found that the four pay stubs which documented her work history prior to an on-the-job motor vehicle accident reflected inconsistent work shifts. ID at 7-8. However, the administrative judge also considered the remaining pay stubs and found that

"[a]fter her motor vehicle accident, the appellant's limited duty assignments varied in their number of hours, work shifts, and even station locations." ID at 8; IAF, Tab 13. We agree with the administrative judge's finding in this regard, and thus, we find no merit to the appellant's argument.

¶17 Finally, the appellant has submitted documents for the first time on review, contending that she just found them in storage in unmarked boxes.[5] PFR File, Tab 1 at 6. This submission includes documents relating to the appellant's prior appeals of her termination and restoration claims, USPS recruiting materials for the RCA positions, and copied pages from the USPS Employee and Labor Relations Manual (ELM) stating the reassignment and reemployment procedures for employees injured on duty for a "current or former career employee." PFR File, Tab 1. While the appellant claims she just "found the documents," she has failed to show she exercised due diligence in searching for them. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent such a showing. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Nonetheless, even if we were to consider her submission, the documents do not change the outcome of our decision. Indeed, the USPS recruiting materials for the RCA positions, as well as the ELM, support a finding that the appellant's intermittent service as an RCA is not creditable for retirement purposes under FERS.

¶18 Accordingly, we find that the appellant has provided no basis upon which to disturb the initial decision.

---

[5] Some of these documents appear to be in the record below. IAF, Tab 19 at 25.

**NOTICE NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                              /s/ for
                                   _____
                                   Jennifer Everling
                                   Acting Clerk of the Board
Washington, D.C.