**Sharon M. LOURENS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 99–3153.

United States Court of Appeals, Federal Circuit.

Oct. 13, 1999.

Sharon M. Lourens, pro se, East Cleveland, Ohio.

Eric D. Flores, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before PLAGER, LOURIE, and CLEVENGER, Circuit Judges.

PLAGER, Circuit Judge.

Sharon M. Lourens appeals from a decision of the Merit Systems Protection Board ("MSPB"), No. CH–315H–98–0676–I–1 (Aug. 26, 1998), which dismissed her case for lack of jurisdiction. Ms. Lourens is preference eligible as the widow of a deceased disabled veteran, *see* 5 U.S.C. § 2108(3) (1994 & Supp. III 1997). The MSPB held that her preference eligibility did not give her appeal rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301–4344 (1994 & Supp. III 1997), because she had not herself performed service in the uniformed services. *See* 38 U.S.C. §§ 4303(13), 4311(a). Because the MSPB's decision, which became final on January 26, 1999, was in accordance with the law and not unsupported by substantial evidence, *see* 5 U.S.C. § 7703(c)(1) (1994), we affirm.

## DISCUSSION

■ On appeal, Ms. Lourens claims that she is entitled to appeal to the MSPB her termination from her former probationary position as a Part-time Flexible Letter Carrier with the United States Postal Service. Ms. Lourens argues that she has appeal rights under USERRA because she alleges discrimination based on her deceased husband's membership in a uniformed service.

■ The MSPB's jurisdiction is limited. *See* 5 U.S.C. § 7702(a) (1994); 5 C.F.R. § 1201.3 (1999). The scope of the Board's jurisdiction is a question of law which we review independently. *See Wulff v. Office of Personnel Management*, 133 F.3d 880, 882 (Fed.Cir.1998). The burden of establishing jurisdiction rests with Ms. Lourens, *see* 5 C.F.R. § 1201.56(a)(2)(i) (1999), who must make a nonfrivolous allegation of jurisdictional facts, *see, e.g., Spruill v. Merit Sys. Protection Bd.*, 978 F.2d 679 (Fed.Cir.1992); *Stokes v. Federal Aviation Admin.*, 761 F.2d 682, 685–86 (Fed.Cir.1985).

Ms. Lourens never served in the military, but as the widow of a deceased disabled veteran she is preference eligible. *See* 5 U.S.C. § 2108(3). Ms. Lourens asserts that she has been discriminated against because of her preference eligibility, and since her preference eligibility was based on her husband's membership in a uniformed service, Ms. Lourens concludes that the discrimination against her was also based on her husband's membership in a uniformed service. Ms. Lourens asserts that USERRA, which prohibits discrimination on the basis of prior membership in a uniformed service, *see* 38 U.S.C. § 4311(a), therefore applies to her as well. *See also* 38 U.S.C. § 4324(b) (providing the MSPB with jurisdiction to hear appeals under USERRA).

This is a case of first impression. Congress declared that the purpose of USERRA was "to prohibit discrimination against persons because of *their* service in the uniformed services." 38 U.S.C. § 4301(a)(3) (emphasis added). The relevant anti-discrimination section of USERRA states that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied . . . retention in employment . . . by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.[1]

38 U.S.C. § 4311(a). In § 4311(a), Congress demonstrated its ability to specify the exact coverage of the anti-discrimination provision it intended. The section applies not only to members of the uniformed services, but also to those who apply to perform, or perform, or are obligated to perform, service in a uniformed

service. If Congress desired the section to include spouses or widows of such persons, an additional phrase in the statute would have done the job. That phrase is not there.

As noted by the administrative judge, Ms. Lourens does not allege that she "is a member of, applie[d] to be a member of, performs, has performed, applie[d] to perform, or has an obligation to perform service in a uniformed service," § 4311(a), but rather alleges that her husband had performed such service. We find no basis in USERRA for Ms. Lourens's assertion that she assumes her deceased husband's rights and is thus covered by virtue of his service.

### CONCLUSION

The decision of the MSPB is *AFFIRMED.*

---

1. "Service in the uniformed services" is defined as

   the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty train-

   ing, full-time National Guard duty, and a period for which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty.

   38 U.S.C. § 4303(13).