# United States Court of Appeals for the Federal Circuit

---

**RICHARD ERICKSON,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2010-3096

---

Petition for review of the Merit Systems Protection Board in AT3443070016-M-1.

---

Decided: February 28, 2011

---

MATHEW B. TULLY, Tully Rinckey PLLC, of Albany, New York, argued for petitioner. Of counsel were STEVEN L. HERRICK; and MATTHEW D. ESTES, of Washington, DC.

L. MISHA PREHEIM, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN M. SIMKIN, Assistant Director.

---

Before BRYSON, GAJARSA, and LINN, *Circuit Judges.*

BRYSON, *Circuit Judge.*

The Uniformed Services Employment and Reemployment Rights Act ("USERRA"), prohibits public and private employers from discriminating against their employees on the basis of military service. 38 U.S.C. § 4311. It also guarantees noncareer servicemembers reemployment rights upon the completion of their military commitments. *Id.* §§ 4312-15. USERRA does not, however, protect an employee who leaves a civilian job to take a career position in the military. *See Woodman v. Office of Pers. Mgmt.*, 258 F.3d 1372, 1376 (Fed. Cir. 2001). For that reason, a question arises in cases such as this one as to whether an employee who leaves his civilian position for military service has left his civilian job to serve a temporary period of military service, or whether he has left his civilian job to embark on a military career. The answer to that question depends on whether the employee's military service is properly characterized as a "temporary non-career hiatus" in a civilian career, or whether the employee has clearly manifested his intention to abandon his civilian career in favor of a career in the military. *Moravec v. Office of Pers. Mgmt.*, 393 F.3d 1263, 1268 (Fed. Cir. 2004). Here, the Board determined that petitioner Richard Erickson abandoned his civilian career with the United States Postal Service in favor of a military career. The question before us is whether the Board's determination is supported by substantial evidence.

I

The facts were set forth in our first opinion in this case, *Erickson v. United States Postal Service (Erickson I)*, 571 F.3d 1364, 1366 (Fed. Cir. 2009). We summarize the facts briefly as they pertain to the narrow issue before us.

Mr. Erickson joined the Postal Service in 1988. In 2000, the Postal Service terminated him for excessive use of military leave. Throughout his tenure with the Postal Service, Mr. Erickson was a member of the National Guard. Mr. Erickson's commitments in the Guard often required his absence from the Postal Service. "Between 1991 and 1995, he was absent from his Postal Service position for a total of more than 22 months, and between 1996 and the date of his removal in 2000, he worked at the Postal Service for no more than four days." *Erickson I*, 571 F.3d at 1366.

While on military leave in January 2000, Mr. Erickson spoke by telephone with Roslyn Warner, a labor relations specialist at the Postal Service, regarding his federal civilian career. Ms. Warner summarized the conversation in an e-mail that she sent to a supervisor. She wrote that "[Mr. Erickson] told me he is staying in the military until his orders expire . . . he likes the military and said that he did not like working for the [Postal Service]. He doesn't care for the way they treat their employees." Mr. Erickson testified before the Board that when Ms. Warner asked him why he did not resign from his position with the Postal Service, he replied that he did not wish to quit and that he believed his job was with the Postal Service. Following the conversation between Mr. Erickson and Ms. Warner, the Postal Service issued a notice of proposed removal to Mr. Erickson, citing excessive use of leave as the reason for his termination. Mr. Erickson did not respond to that notification, and the

Postal Service issued a final decision terminating Mr. Erickson in March 2000.

Mr. Erickson appealed his termination to the Board. He alleged that his termination violated USERRA's antidiscrimination provisions and that the agency failed to reemploy him after his military service ended, as required by USERRA. The administrative judge who was assigned to the case found that Mr. Erickson had abandoned his civilian career and accordingly had waived his USERRA rights. The full Board affirmed the administrative judge's decision, but on a different ground. In finding that Mr. Erickson was not entitled to relief under USERRA's antidiscrimination provision, the Board held that Mr. Erickson had failed to meet his initial burden to prove that his military status was a motivating or substantial factor in his employer's action. *Erickson v. Merit Sys. Prot. Bd.*, 108 M.S.P.R. 494 (2008). As to his reemployment claim, the Board determined that Mr. Erickson had failed to comply with USERRA's relevant procedural requirements. *Id.*

Mr. Erickson appealed to this court. We affirmed the Board's treatment of Mr. Erickson's reemployment claim but reversed the Board on the discrimination claim for the reasons set forth in our prior opinion. We remanded the case so that the full Board could consider the validity of the ground on which the administrative judge had upheld the agency's action—that Mr. Erickson had waived his USERRA protections by abandoning his career with the Postal Service in favor of a military career. *Erickson I*, 571 F.3d at 1368.

On remand, the full Board concluded that Mr. Erickson had waived his USERRA rights. The Board pointed to a number of factors that persuaded it that Mr. Erickson

had abandoned his career with the Postal Service. First, the Board looked at the length of Mr. Erickson's active service in the military and the fact that he was serving his fifth consecutive voluntary reenlistment when the agency removed him. Second, the Board found Mr. Erickson's "expressed preference for military over civilian service especially significant." Third, the Board relied on the fact that Mr. Erickson failed to respond to the notice of proposed removal or otherwise to contest his removal until five years after he received the removal notice. *Erickson v. U. S. Postal Serv.*, 113 M.S.P.R. 41, 44-45 (2010).

## II

Mr. Erickson argues that substantial evidence does not support the Board's finding that he abandoned his civilian career and therefore waived his USERRA protections. We agree.

We addressed the waiver doctrine, as applied to veterans' reemployment rights, in *Woodman v. Office of Personnel Management*, 258 F.3d. 1372 (Fed. Cir. 2001). Although that case was decided under USERRA's predecessor statute, the Veterans' Reemployment Rights Act of 1974, both statutes draw the same distinction between career and noncareer service. *See id.* at 1372. In *Woodman*, a civilian employee had left his civilian position in order to serve on active duty with the National Guard and had served for 14 years in that capacity. During that period, he "actively sought service extensions" and ultimately served long enough that he was eligible for retirement from the military. *Id.* at 1378. The Board held that the employee's actions justified an inference that he had abandoned his civilian job in favor of a career in the military. This court upheld that determination. We

explained that the employee's actions "created a de facto resignation by indicating to [his employer] that he never intended to return to his civilian position." *Id.* at 1379.

In *Moravec v. Office of Personnel Management*, 393 F.3d 1263 (Fed. Cir. 2004), and *Dowling v. Office of Personnel Management*, 393 F.3d 1260 (Fed. Cir. 2004), a pair of cases decided on the same day, we applied the waiver doctrine to federal employees' claims that their years of active duty service with the National Guard should count toward their years of federal service when computing their Civil Service Retirement Service annuity. In each case, the employee had held a civilian position with either the Army or the National Guard. Prior to beginning active duty service with the National Guard, each employee formally separated from his civilian position instead of asking to be placed on leave-without-pay status. Upon separation, each employee withdrew his personal contributions to his civilian retirement account. Following his separation from his civilian position, Mr. Moravec served for 16 years on active duty before rejoining the civilian workforce. Following his separation from civilian service, Mr. Dowling served for 12 years on active military duty. Each of them returned to work for his previous civilian employer after leaving active duty service. The Board determined that both employees had abandoned their civilian careers, and this court affirmed that determination. Because both Mr. Moravec and Mr. Dowling had abandoned their civilian careers, the years they spent with the National Guard were not creditable toward their civilian retirement accounts. *Moravec*, 393 F.3d at 1266-68; *Dowling*, 393 F.3d at 1263-64.

The reemployment provisions of section 4312 of USSERA apply only if the period of cumulative military service (excluding exempted periods) does not exceed five

years.  38 U.S.C. § 4312(a)(2).  In *Erickson I*, we held that the five-year cap for reemployment in section 4312 also applies to section 4311's antidiscrimination provision in situations such as Mr. Erickson's.  We explained that the five-year limit applies where "the alleged discrimination consists of the employee's removal because of his military-related absence; otherwise, the five-year limit on an employer's obligation to rehire an employee who left work to serve in the military would be meaningless."  571 F.3d at 1369.

Importantly, Mr. Erickson's period of military service did not exceed the five-year limit, taking into account the statutory exclusions.  *See Erickson I*, 571 F.3d at 1369-70.  The Postal Service, however, apparently believed that his military service had exceeded the five-year period and predicated his removal on that assumption.  Thus, the Postal Service's stated reason for removing Mr. Erickson—excessive use of military leave—was improper.  *Id.* By statute, he was entitled to retain his USERRA antidiscrimination and reemployment rights until the period of his military service exceeded the five-year cap.  To be sure, even when an employee falls within the five-year period in which he would otherwise retain his USERRA rights, he may abandon his civilian career and the accompanying USERRA protections.  *See Moravec*, 393 F.3d at 1269.  In that setting, however, abandonment can be found only if the circumstances demonstrate a clear intention on the employee's part to abandon his civilian career in favor of a career in the military.

In this case, the Board relied on three pieces of evidence to support its finding of abandonment: the length of the period that Mr. Erickson was away from his civilian position, his failure to contest his separation at the time he received the notice, and his expressed dissatisfaction

with the Postal Service as compared to the military. When considered against the totality of the circumstances of this case, however, that evidence does not provide substantial support for the Board's conclusion that Mr. Erickson manifested a clear intention to abandon his civilian position with the Postal Service.

As we explained in *Woodman*, the duration of an employee's military service is frequently relevant to the abandonment inquiry. The inquiry is a factual one, and there is no minimum period of military service that will trigger an assumption that the employee has decided to abandon his civilian position and thus waive his USERRA rights. The employee in *Woodman* was in military service and away from his civilian position for 14 consecutive years. 258 F.3d at 1374. The employees in *Moravec* and *Dowling* were absent for 16 and 12 years, respectively. *See Dowling*, 393 F.3d at 1261; *Moravec*, 393 F.3d at 1265. Mr. Erickson was absent for nearly four consecutive years at one point and approximately two years at another point. Mr. Erickson's period of military service was considerably shorter than the periods held to support a finding of abandonment in *Woodman*, *Moravec,* and *Dowling*. Moreover, and importantly, Mr. Erickson's absence did not exceed the five-year statutory limit (taking exempted periods into account) at the time of his removal. Because the five-year period provides a distinct termination point for USERRA's reemployment rights, the enactment of that statutory period makes it reasonable to assume that, absent clear evidence to the contrary, employees who have not exceeded that period do not intend to abandon their civilian positions.[1]

---

[1]    Like Mr. Erickson, Mr. Moravec had not exceeded USERRA's five-year limit on military service. 393 F.3d at 1267. However, Mr. Moravec was in a somewhat different

In finding that he intended to abandon his civilian career, the Board also relied on Mr. Erickson's failure to contest his removal for a period of six years. USERRA provides a window of time during which noncareer servicemembers must assert their section 4312 reemployment rights. 38 U.S.C. § 4312(e)(1). By contrast, there is no statutory timeframe during which a section 4311 discrimination claim must be asserted, and there is no statute of limitations on filing a USERRA complaint or claim. *Id.* § 4327(b). Congress thus plainly chose not to place a limit on the period within which a noncareer servicemember would be permitted to assert a claim under section 4311. Because an employee who is in military service retains his USERRA antidiscrimination rights despite the passage of time, an employee's failure to promptly challenge an adverse action by his employer should not be given undue weight in the abandonment inquiry. While an extensive delay in bringing a USERRA claim might offer some support for a conclusion that the employee has abandoned his USERRA rights, *see Moravec*, 393 F.3d at 1268 (employee failed to contest his separation for 12 years), that factor is not entitled to substantial weight in this case, particularly in light of the fact that during most of the intervening period, Mr. Erickson was on active duty in an overseas military deployment.

Finally, the Board found Mr. Erickson's "expressed preference for military over civilian service especially significant" to its determination that he abandoned his career with the Postal Service. 113 M.S.P.R. at 44. While

---

position than Mr. Erickson. The bulk of Mr. Moravec's service occurred before 1994, the year in which USERRA was enacted. *Id.* USERRA's predecessor statute did not contain a five-year limit, and USERRA's five-year limit applied only prospectively from December 12, 1994. *Id.*

an employee's unequivocal statement that he intends to leave his civilian job permanently is perhaps the best evidence of an intention to abandon a civilian career (and thus waive USERRA's protections), Mr. Erickson's remarks fall far short of such an unequivocal expression of intent. His statement that he liked the military and did not like the way employees were treated in the Postal Service cannot be regarded as equivalent to an expression of intention to resign from his civilian position. That is particularly so in light of his testimony, not discredited by the Board, that when Ms. Warner asked him why he did not resign his position with the Postal Service, he replied that he believed his "job was at the post office."

Apart from the considerable difference in the length of Mr. Erickson's absence from his Postal Service position as compared with the length of the employees' absence in *Moravec*, *Dowling*, or *Woodman*, there were other factors in those cases that strongly supported the Board's finding of abandonment. The employees in both *Moravec* and *Dowling* formally resigned their civilian positions and withdrew their personal retirement contributions when they left their civilian jobs. *Moravec*, 393 F.3d at 1268; *Dowling*, 393 F.3d at 1263. The employee in *Woodman* manifested his election of a military career by remaining in active military service until he was eligible for full military retirement benefits. *Woodman*, 258 F.3d at 1378. None of those factors was present in Mr. Erickson's case. In sum, while it was legitimate for the Board to consider evidence such as Mr. Erickson's failure to contest his removal immediately and his remarks to Ms. Warner, that evidence, viewed in context, is not sufficient to justify an inference that Mr. Erickson intended to abandon his civilian career. That is the case particularly in light of the fact that, at the time of his removal, he had not exceeded the five-year period set forth in USERRA during

which an employee is entitled to continue in military service without losing his USERRA reemployment rights. We therefore vacate the Board's determination that Mr. Erickson abandoned his civilian career in favor of a career in military service, and we remand to the Board for further proceedings on Mr. Erickson's USERRA discrimination claim.

**VACATED and REMANDED**