NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BARBARA A. HARDEN-WILLIAMS,**
*Petitioner,*

**v.**

**AGENCY FOR INTERNATIONAL DEVELOPMENT,**
*Respondent.*

---

2012-3007

---

Petition for review of the Merit Systems Protection Board in case no. DC3443110006-I-1.

---

Decided: March 13, 2012

---

BARBARA A. HARDEN-WILLIAMS, of Suitland, Maryland, pro se.

ANUJ VOHRA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before LINN, PROST, and WALLACH, *Circuit Judges.*

PER CURIAM.

Barbara A. Harden-Williams appeals the August 19, 2011 decision of the Merit Systems Protection Board ("Board"), holding that the United States Agency for International Development ("USAID", or "agency") did not violate her rights relating to veteran's preferences when it found that she was not qualified for a GS-15 Supervisory Public Health Specialist position ("position"). *Harden-Williams v. U.S. Agency for Int'l Dev.*, No. DC3443110006-I-1 (M.S.P.B. Aug. 19, 2011). Because substantial evidence supports the Board's decision, we *affirm*.

## BACKGROUND

Ms. Harden-Williams applied for the position after the USAID advertised it on October 7, 2009. The USAID later revised the advertisement and added knowledge of the principles, concepts, and techniques of international nutrition and food security as a "screen out" requirement of the position. The agency used a Subject Matter Expert ("SME") to review the applications and compile a list of qualified candidates. The SME did not include Ms. Harden-Williams on that list. On March 11, 2010, the agency informed Ms. Harden-Williams that she would not receive the job.

Ms. Harden-Williams took a number of steps to challenge the agency's decision. In relevant part, she filed a complaint with the Department of Labor ("DOL"), claiming (1) that her deceased husband's military service (from March 1, 1966 until his death on April 5, 1967) entitled her to a statutory preference in the hiring process, (2) that the government discriminated against her based on her deceased husband's military service, and (3) that the agency's determination that she did not meet the position

requirements was incorrect. The DOL rejected her arguments.

Ms. Harden-Williams appealed to the Board. She argued that the agency's handling of her application violated the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA") and the Veterans Employment Opportunities Act ("VEOA"). And, as the administrative judge understood it, Ms. Harden-Williams also claimed that the agency discriminated against her based on improper grounds such as age, race, and gender. She asked the Board to require the agency to "provide [her] with a position equal in stature to the one [she] was denied." Resp't App. 33.

The administrative judge dismissed Ms. Harden-Williams's claims for lack of jurisdiction. In particular, the administrative judge determined that pursuant to 38 U.S.C. § 4311(a), USSERRA only applied to military service men and applicants, not their spouses. With respect to the VEOA claim, the administrative judge determined that Ms. Harden-Williams did not make a non-frivolous assertion that she was preference-eligible under 5 U.S.C. § 2108.[1] Finally, the administrative judge determined that because it lacked jurisdiction over the VEOA and USERRA claims, it also lacked jurisdiction to consider the discrimination claims.

Ms. Harden-Williams petitioned the Board to review the administrative judge's decision. In addition to reiterating her prior arguments, she submitted supplemental

---

[1] After finding that it lacked jurisdiction in its initial decision, the administrative judge nonetheless addressed the merits of Ms. Harden-Williams's claim and determined that sufficient facts supported the agency's decision that she was not qualified for the position.

evidence to the Board that purportedly demonstrated that the SME lacked authentic academic credentials and was thus unqualified to screen out her job application. The government moved to exclude the supplemental evidence on various grounds, arguing that it was procedurally inappropriate and substantively immaterial.

In the final decision, the Board disagreed in part with the administrative judge and determined that Ms. Harden-Williams had indeed made a non-frivolous assertion of preference-eligibility under the VEOA. Nonetheless, reasoning that the agency provided sufficient evidence that she was not qualified for the position, the Board denied the VEOA claim on the merits. With respect to the newly submitted evidence, the Board found that the information was not properly in the record because it could and should have been submitted earlier. The Board thus did not consider the supplemental evidence; yet, it suggested that the evidence would not advance Ms. Harden-Williams's arguments in any event. Accordingly, the Board denied the petition for review, rendering the administrative judge's decision the final decision of the Board. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Ms. Harden-Williams makes principally two arguments on appeal. First, she argues that the Board erred in rejecting her VEOA claim. Second, she argues that the agency as well as the Board acted in bad faith.[2] We reject both arguments.

---

[2] It is not clear whether Ms. Harden-Williams contests the Board's dismissal of her USERRA claim on appeal. In any event, this court has already held that a widow of a military serviceman who has not herself served in a uniformed service is not entitled to the protec-

We first address Ms. Harden-Williams's VEOA claim, which essentially alleges that the agency improperly considered her unqualified for the position. [3]  In our view, however, substantial evidence supports the Board's decision that Ms. Harden-Williams was not qualified for the position.  The administrative judge heard testimony from three agency employees, including the SME who assisted the agency in the hiring process.  The administrative judge noted that the witnesses stated that the agency "thoroughly and fairly reviewed [Ms. Harden-Williams's] application."  Resp't App. 11.  The witnesses also stated that with the aid of the SME, a human resources staffing specialist ranked and scored applicants for the position and created a certificate of qualified eligible candidates.  They explained that Ms. Harden-Williams indeed had some experience in the public health area, but she was not selected as a qualified candidate because she lacked international experience, which was a basic job qualification.  The administrative judge (and thus ultimately the Board) "found the testimonies of these witnesses reliable and credible, based on their demeanor and the fact that their testimonies were consistent with each other and the record evidence."  *Id.*

Ms. Harden-Williams contests these factual findings and argues that the witnesses were not credible.  She also

tions of USERRA.  *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1371 (Fed. Cir. 1999).

[3]    Ms. Harden-Williams also argues that the administrative judge erred in initially determining that she failed to make a non-frivolous assertion that she was not preference eligible.  But as already stated, the Board ultimately determined that Ms. Harden-Williams indeed made the requisite showing.  Thus, Ms. Harden-Williams's argument regarding preference eligibility is moot.

alleges that the agency fabricated evidence in order to deny her job application. We are not permitted, however, to second-guess the Board in its fact-findings so long as they are supported by substantial evidence. Substantial evidence exists where "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Kimm v. Dep't of the Treasury*, 61 F.3d 888, 891 (Fed. Cir. 1995). Moreover, we must defer to the Board's credibility determinations. *See Frey v. Dep't of Labor*, 359 F.3d 1355, 1361 (Fed. Cir. 2004) ("The evaluation of witness credibility is a matter within the discretion of the [administrative judge] and is 'virtually unreviewable.'"). Here, the testimonies of the agency's witnesses and the Board's credibility determinations amply support the Board's conclusion. We thus hold that the Board did not err in denying Ms. Harden-Williams's VEOA claim.[4]

We also reject Ms. Harden-Williams's arguments regarding bad faith. The record simply does not support Ms. Harden-Williams's allegations against the agency and the Board.

Finally, to the extent that we have not addressed any of Ms. Harden-Williams's remaining arguments expressly, we have considered them and hold that they are not persuasive. For the reasons stated above, we affirm the Board's decision.

---

[4] Ms. Harden-Williams argues that the supplemental material that she submitted to the Board (after the decision of the administrative judge issued) establishes that the SME lacked proper credentials to screen applicants. The Board declined to admit the evidence into the record, however, and Ms. Harden-Williams does not make any persuasive arguments as to why the Board erred in excluding it.

### Costs

Each party shall bear its own costs.

**AFFIRMED**