NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN W. GINGERY,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3225

---

Petition for review from the Merit Systems Protection Board in Case No. CH3330101038-I-1.

---

Decided: May 9, 2012

---

STEPHEN W. GINGERY, of Macomb, Michigan, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, LOURIE, and SCHALL, *Circuit Judges*.

PER CURIAM.

Stephen W. Gingery appeals from the final order of the Merit Systems Protection Board (the "Board") denying for lack of jurisdiction his petition for review of an agency's failure to appoint him. *See Gingery v. Dep't of the Army*, No. CH-3330-10-1038-I-1, slip op. (M.S.P.B. July 18, 2011) ("*Final Order*"). We affirm.

BACKGROUND

In March 2010, Gingery applied for one of two General Accounting Specialist positions at the U.S. Army Tank-Automotive and Armament Command in Warren, Michigan. Gingery received a 10-point 30% compensable disability preference. In April 2010, Gingery was interviewed for the position. According to Gingery, on the day of his interview there were no available parking spaces near the building where the interview was held. He was thus required to park some distance from the building, causing him to be late for his interview, which he asserts caused him extreme anxiety and impaired his ability to perform well in the interview. Ultimately, Gingery was not selected for a position.

On July 24, 2010, Gingery filed a complaint at the Department of Labor claiming that agency violated his veterans' preference rights. Gingery alleged that (1) as a compensable 10-point preference-eligible veteran, "[he] should have been placed at the top of the certificate of eligibles"; and (2) his "HR contact failed to inform [him] that parking was nearly impossible making [him] 45 minutes late for [his] interview and stressing [him] out

because [he] was late." Resp't App. 31. On September 9, 2010, the Department of Labor informed Gingery of its determination that the agency had not violated Gingery's veterans' preference rights, because "[Gingery's] name was at the top of the certificate of eligible candidates, and 2 preference eligible veterans were selected to fill the 2 positions." *Id.* at 27.

On September 27, 2010, Gingery filed an initial appeal at the Board. *Id.* at 16. A day later, the administrative judge issued an order requesting evidence to determine the Board's jurisdiction to review the appeal, which appeared to raise a claim under the Veterans Employment Opportunities Act of 1998 (the "VEOA"). *Id.* at 41. On October 4, 2010, Gingery filed a response to the order, in which he alleged that the agency unlawfully impaired his ability to compete as a preference-eligible veteran by "[i]nterviewing him under adverse, extreme, and disparate conditions . . ." and "[u]nlawfully using category or alternative rating and ranking . . . instead of numerical rating and ranking . . . ." *Id.* at 51. On October 18, 2010, the government submitted its response seeking dismissal of the appeal for lack of jurisdiction. *Id.* at 54.

On December 10, 2010, the administrative judge issued an initial decision dismissing Gingery's claim because he failed to establish that the Board had jurisdiction over the appeal. Initial Decision, *Gingery v. Dep't of the Army*, No. CH-3330-10-1038-I-1, slip op. (M.S.P.B. Dec. 10, 2010). In so concluding, the administrative judge noted that the record unequivocally demonstrated that Gingery applied for the position, that he was one of the top three referrals, that he was given an interview, and that the two selectees were preference eligible. The administrative judge further noted that even if the

agency used an alternative rating and ranking procedure, Gingery did not suffer any adverse effect because he was one of the top three candidates on the referral list and he was interviewed for the position.

Gingery petitioned the full Board to review the administrative judge's initial decision. In its Final Order dated July 18, 2011, the Board denied Gingery's petition for review. As the Board explained, Gingery "was clearly allowed to compete for the . . . position, in that: he applied for the position; the agency considered him for the position; his name was among those forwarded to the selecting official for consideration under the job announcement; and he was interviewed for the position." *Final Order*, slip op. at 2. The Board further explained that even if it were true that the agency used a category rating and ranking procedure rather than a numerical procedure, this "did not impair [his] ability to compete, as he was one of the top three candidates on the referral list and he was interviewed for the position." *Id.* at 2–3. The Board also observed that "the record shows that the two applicants selected were preference-eligible veterans," and "the fact that the agency exercised its discretion to fill the vacancy by hiring two other preference-eligible candidates did not deny [Gingery] the opportunity to compete for the position." *Id.* at 3.

Gingery appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of a final decision of the Board is circumscribed by statute. We may reverse a decision of the Board only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2)

obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c). "Whether the board had jurisdiction to adjudicate a case is a question of law, which we review *de novo*." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's jurisdiction is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983). The burden of establishing jurisdiction by a preponderance of the evidence rests with the appellant, 5 C.F.R. § 1201.56(a)(2)(i), who "must make a nonfrivolous allegation of jurisdictional facts," *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed. Cir. 1999).

Jurisdiction under the VEOA requires an appellant to: (1) show that he exhausted his remedies at the Department of Labor and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference. *See* 5 U.S.C. § 3330a; *Abrahamsen v. Dep't of Veterans Affairs*, 94 M.S.P.R. 377, 379 (2003). A nonfrivolous allegation requires more than a "bare claim" that a violation of preference-eligible rights occurred. *Abrahamsen*, 94 M.S.P.R. at 379.

In this case it is undisputed that Gingery exhausted his remedies at the Department of Labor, that he is preference-eligible, and that the action occurred after the enactment of the VEOA. The only disputed issue, therefore, is whether Gingery made a nonfrivolous allegation that the agency violated his rights under a statute or regulation relating to veterans' preference.

Gingery asserts that the Board erred by concluding that he failed to make a nonfrivolous allegation that his preference rights were violated. According to Gingery, the Board erroneously ruled on the merits of his claim, rather than limiting its analysis to the question of jurisdiction. Gingery contends that he made numerous nonfrivolous allegations and that the Board never found that these allegations, if true, would not constitute violations of his preference rights.

The government, in response, contends that the Board correctly dismissed Gingery's appeal for lack of jurisdiction under the VEOA. According to the government, Gingery failed to make a nonfrivolous allegation that the agency violated his veterans' preference rights. The government contends that each of Gingery's proffered allegations is frivolous and lacks merit.

We agree with the government that Gingery failed to establish the Board's jurisdiction under the VEOA, because Gingery failed to make a nonfrivolous allegation that his veterans' preferences rights were violated. For example, as the Board correctly concluded, Gingery's allegation of a lack of suitable parking spaces insufficiently alleges a violation of his rights. Even though Gingery was not ultimately selected for the position he sought, it is clear that he was permitted to compete. *Final Order*, slip op. at 2. The VEOA only prohibits an agency from denying a preference-eligible veteran the opportunity to compete for a position; it does not guarantee that the veteran will be selected. *See Dale v. Dep't of Veterans Affairs*, 102 M.S.P.R. 646, 652 (2006).

Moreover, as the Board noted, Gingery failed establish the Board's jurisdiction by asserting that the agency used an alternative method of rating and ranking candi-

dates. *Final Order*, slip op. at 2–3. Even assuming that the agency used category rating and ranking under 5 U.S.C. § 3319 instead of numerical rating and ranking under 5 U.S.C. § 3318, Gingery's ability to compete was not impaired. Under either methodology, Gingery was one of the top three candidates on the referral list and was interviewed for the position; thus, he suffered no impairment of his ability to compete. *Id.* at 2–3; *see also* 5 U.S.C. §§ 3318(a), 3319(b). In any event, the evidence of record indicates that, contrary to Gingery's allegations, the agency did not use category rating and ranking. *See* Respondent's App. 27, 61.

Gingery's next allegation, that the two selectees were neither preference-eligible nor qualified, similarly fails to advance a nonfrivolous allegation in support of the Board's jurisdiction. The VEOA does not guarantee that a veteran will be selected, only that the veteran may compete. *See Scharein v. Dep't of the Army*, 91 M.S.P.R. 329, 334 (2002) ("The VEOA does not guarantee a preference eligible a position but only an opportunity to compete with the other candidates on the certificate of eligibles."). As the Board explained, Gingery competed fully and fairly for the open position. *See Final Order*, slip op. at 3. Merely alleging inaccurately that a non-preference-eligible candidate, rather than the appellant, received an appointment is not a nonfrivolous allegation of a violation of veterans' preference rights under the VEOA.

Finally, Gingery's general allegation that his non-selection was unlawful also does not confer jurisdiction on the Board, as this is, again, no more than a bare claim that a violation of preference eligible rights occurred. *See Abrahamsen*, 94 M.S.P.R. at 379.

CONCLUSION

We have considered Gingery's remaining arguments and find them unpersuasive. Accordingly, we affirm the final decision of the Board.

**AFFIRMED**