NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**STEPHEN DURR,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2020-2131

_____

Petition for review of the Merit Systems Protection Board in No. CH-4324-17-0324-I-1.

_____

Decided:  February 2, 2021

_____

STEPHEN DURR, Chicago, IL, pro se.

JEFFREY GAUGER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

_____

Before PROST, *Chief Judge*, CLEVENGER and HUGHES, *Circuit Judges.*

PER CURIAM.

Mr. Stephen Durr, appearing pro se, appeals a final decision of the Merit Systems Protection Board ("MSPB") which dismissed for lack of jurisdiction Mr. Durr's complaint under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). *Durr v. United States Postal Serv.*, MSPB Docket No. CH-4324-17-0324-I-1 (Initial Dec., May 19, 2017; Order, Aug. 20, 2020). Mr. Durr argues that the MSPB erred in dismissing his complaint for failure to make a nonfrivolous allegation in support of the third element required to establish the MSPB's jurisdiction under USERRA. Counsel for the MSPB agrees that Mr. Durr's pleadings before the MSPB made the required allegations. We agree with the parties that Mr. Durr made the allegations required of him to establish the MSPB's jurisdiction under USERRA, and we accordingly *reverse* the final judgment of the MSPB and *remand* for further proceedings.

## BACKGROUND

Mr. Durr previously served in the U.S. Army, and was honorably discharged on January 8, 1993 for medical reasons with a service-connected physical disability rating of 30 percent. **[SApp'x 47, 52–53.]**[1] In March 1994, Mr. Durr was hired by the United States Postal Service ("USPS") as a full-time Mailhandler at the Chicago Bulk Mail Center in Forest Park, Illinois. Beginning on January 16, 1996, Mr. Durr's supervisor at USPS recorded Mr. Durr as being absent without leave ("AWOL") from his position. **[SApp'x 7.]** By written notice dated April 24, 1996, Mr. Durr's supervisor charged him with being AWOL since January 16 and proposed his removal. Mr. Durr did not respond to this

---

[1]    Citations to "SApp'x __" refer to pages of the supplemental appendix appended to respondent's response brief.

notice. *Id.* On May 16, 1996, USPS issued a written decision sustaining Mr. Durr's removal from his position effective June 1, 1996. *Id.* Because Mr. Durr is a preference-eligible disabled veteran, the USPS removal decision included a notice to Mr. Durr that he could appeal his removal to the MSPB within 30 days of its effective date. *Id.*

Mr. Durr appealed his removal to the MSPB on May 14, 2015, almost 19 years after the effective date of the removal. **[SApp'x 7.]** The MSPB administrative judge dismissed Mr. Durr's challenge as untimely filed and lacking a showing of good cause to waive the time limits. On January 6, 2016, the full Board affirmed the initial decision. Mr. Durr appealed to this Court, which subsequently dismissed his appeal on May 5, 2016 for failure to prosecute. *Durr v. Merit Sys. Prot. Bd.*, No. 2016-1700 (Fed. Cir. May 5, 2016).

Mr. Durr filed the instant MSPB appeal on April 10, 2017, seeking relief under USERRA. **[SApp'x 8, 18–38.]** USERRA does not impose any time limits for filing an MSPB appeal. 38 U.S.C. § 4327(b); 5 C.F.R. § 1208.12; *see also Erickson v. United States Postal Serv.*, 636 F.3d 1353, 1358 (Fed. Cir. 2011). To establish the MSPB's jurisdiction over an appeal alleging a violation of 38 U.S.C. § 4311(a), Mr. Durr was required to make nonfrivolous allegations that: "(1) [he] performed, applied to perform, or [was] obligated to perform duty in a uniformed service of the United States; (2) [he] lost a benefit of employment or any of the rights protected by USERRA; and (3) the performance, application to perform, or obligation to perform duty in the uniformed service was a substantial or motivating factor in the loss of the right or benefit." *Yates v. Merit Sys. Prot. Bd.*, 145 F.3d 1480, 1484 (Fed. Cir. 1998); **[SApp'x 40–42.]**

The MSPB administrative judge directed Mr. Durr to file a statement addressing these jurisdictional requirements. **[SApp'x 45.]** In response, Mr. Durr alleged that his psychologist had contacted USPS on December 17, 1995 to request that Mr. Durr be placed on medical leave, and that

USPS had "deliberately disregarded" that request. **[SApp'x 48–50.]** Mr. Durr further alleged that USPS's "deliberate and intentional disregard for the Plaintiff['s] psychologist['s] request . . . [was] for reason of the Plaintiff['s] status of being a 10-point, military service-connected disabled veteran[,]" and that "if another employee had made a request for leave for medical reasons, that such would have been granted." *Id.* Mr. Durr further alleged that USPS's actions constituted discrimination on the basis of his service-connected disability. *Id.*

In an initial decision issued on May 19, 2017, the administrative judge dismissed Mr. Durr's appeal for lack of jurisdiction. The administrative judge found that Mr. Durr had satisfied the first two jurisdictional requirements. But the administrative judge concluded that Mr. Durr had not satisfied the third jurisdictional requirement, stating that Mr. Durr "did not . . . allege the denial of FMLA [leave] was due to the performance of a duty [or] obligation to perform duty in the uniform service. Rather, he claims the agency denied him FMLA leave based on a medical condition, which is not protected under USERRA." **[SApp'x 9–10.]** Following the administrative judge's initial decision, Mr. Durr petitioned the full Board to review the initial decision. Mr. Durr later withdrew this request, and on August 20, 2020, the Clerk of the Board granted Mr. Durr's request to withdraw. The Clerk then issued an order closing the case and noting that, due to the withdrawn petition for review by the full Board, the administrative judge's initial decision is the Board's final decision in this case. **[SApp'x 1.]** Mr. Durr then timely appealed to this Court.

## DISCUSSION

This is an appeal from a final decision of the MSPB. We have jurisdiction under 28 U.S.C. § 1295(a)(9) over final decisions of the MSPB arising under 5 U.S.C. § 7703(b)(1) and

7703(d).[2] The MSPB's determination of its own jurisdiction is a legal question which we review *de novo. See, e.g., Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The MSPB's jurisdiction is "limited to those areas specifically granted by statute or regulation." *Cowan v. United States*, 710 F.2d 803, 805 (Fed. Cir. 1983). The burden of establishing the MSPB's jurisdiction lies with the petitioner, who must "make a nonfrivolous allegation of jurisdictional facts" required to establish MSPB's jurisdiction. *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed. Cir. 1999); 5 C.F.R. § 1201.57(b).

USERRA, codified at 38 U.S.C. §§ 4301–4335, affords various protections to current and former military service members with respect to their employment, and prohibits employers from discriminating against their employees because of their military service. 38 U.S.C. § 4311(a) provides in relevant part:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application

---

[2]    We agree with the Government's explanation that although Mr. Durr made allegations of disability discrimination before the MSPB, *see e.g.* **[SApp'x 10, 18, 23, 27, 50]**, as a jurisdictional matter these allegations cannot be considered in the context of a USERRA complaint, which is limited to adjudication of discrimination claims based on military status. *Jolley v. Dep't of Housing and Urban Dev.*, 299 Fed. App'x 969, 972 (Fed. Cir. 2008). A USERRA case cannot be a "mixed case" including both types of claims, because that would deprive our Court of jurisdiction. *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975 (2017).

for membership, performance of service, or obligation.

As discussed, to establish the MSPB's jurisdiction over an appeal alleging a violation of 38 U.S.C. § 4311(a), Mr. Durr was required to make nonfrivolous allegations that: "(1) [he] performed, applied to perform, or [was] obligated to perform duty in a uniformed service of the United States; (2) [he] lost a benefit of employment or any of the rights protected by USERRA; and (3) the performance, application to perform, or obligation to perform duty in the uniformed service was a substantial or motivating factor in the loss of the right or benefit." *Yates*, 145 F.3d at 1484. We have previously held that the MSPB should take a "liberal approach in determining whether jurisdiction exists under USERRA." *Id.* So long as they are nonfrivolous, the relative weakness of the appellant's initial factual allegations related to jurisdiction should not serve as a basis to dismiss a USERRA claim, and should instead serve as a basis to deny the claim on the merits if the appellant fails to sufficiently develop the allegations. *Patterson v. Dep't of Interior*, 424 F.3d 1151, 1160 (Fed. Cir. 2005).

We agree with the administrative judge that Mr. Durr satisfied the first two elements of the jurisdictional test, and the MSPB does not contest that determination in this appeal. We further agree with Mr. Durr and the MSPB that the administrative judge erred in concluding that Mr. Durr failed to meet the third element of the jurisdictional test. The administrative judge correctly observed that some of Mr. Durr's allegations allege discrimination on the basis of his disability. **[SApp'x 9–10.]** And we agree with the administrative judge's statement that USERRA proscribes discrimination on the basis of a veteran's performance of military duty, not on the basis of disability (even if that disability arose from the performance of military duty). **[SApp'x 10** (citing *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998))**.]** However, the administrative judge erred in failing to credit Mr. Durr's allegations which

plainly allege discrimination because of his *status* as a veteran, rather than because of his service-connected disability. Most notably, Mr. Durr alleged that USPS's "deliberate and intentional disregard for the Plaintiff['s] psychologist['s] request [that Mr. Durr be put on medical leave] . . . [was] for reason of the Plaintiff['s] status of being a 10-point, military service-connected disabled veteran[,]" and that "if another employee had made a request for leave for medical reasons, that such would have been granted." **[SApp'x 48–50.]** We agree with Mr. Durr and the MSPB that these allegations are nonfrivolous and plainly satisfy the third element of the USERRA jurisdictional test. Accordingly, we conclude that the MSPB has jurisdiction over Mr. Durr's instant appeal.

## CONCLUSION

For the reasons discussed, we hold that Mr. Durr raised allegations sufficient to establish the MSPB's jurisdiction over his appeal under USERRA. The final decision of the MSPB dismissing Mr. Durr's complaint for lack of jurisdiction is *reversed*, and the matter is *remanded* to the MSPB for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**

COSTS

No costs.