NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JENIFER A. VANHORN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-2204

---

Petition for review of the Merit Systems Protection Board in No. DE-0890-21-0200-I-1.

---

Decided:  May 10, 2022

---

JENIFER A. VANHORN, Wichita, KS, pro se.

ELIZABETH WARD FLETCHER, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

Before DYK, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Jenifer VanHorn challenges the decision of the Merit Systems Protection Board dismissing her appeal for lack of jurisdiction.  For the reasons below, we affirm.

BACKGROUND

Ms. VanHorn is a retired United States Postal Service employee who presently receives a disability retirement annuity.  SAppx. 18.[1]  Ms. VanHorn alleges that she applied for disability retirement from the USPS on August 15, 2018, and that the Office of Personnel Management wrongfully denied her application several times before granting it almost two years later on May 18, 2020.  During the intervening period, in 2019, Ms. VanHorn claims that the USPS "unlawfully terminated" her health insurance and her life insurance as of January 31, 2019.  SAppx. 18.  She also alleges that she was wrongfully terminated by the USPS in September 2019, and that the termination took retroactive effect to March 30, 2019.  SAppx. 18.

Following the grant of Ms. VanHorn's disability retirement application, OPM issued a lump sum retroactive payment to Ms. VanHorn representing the gross benefits due to her from March 30, 2019 (the effective date of her termination), through September 30, 2020 (the date after which her monthly payments began).  A notice accompanying the payment explained that the following was being withheld from the lump sum:  gross interim benefits, federal income tax, and premiums for "Additional Optional Life Insurance," "Family Life Insurance," "Standard Optional Life Insurance," and "Basic Life Insurance."  SAppx. 32.  The notice also explained that these premiums and federal income tax would also be withheld from her gross monthly benefit moving forward.  SAppx. 31.

---

[1]    Citations to "SAppx." refer to the Supplemental Appendix attached to the Government's brief.

On May 6, 2021, Ms. VanHorn filed an appeal with the Board "against OPM for fraud," for re-enrolling her in life insurance without her consent or dated signature and subsequently deducting "all premium options" from her retroactive lump sum payment. SAppx. 17–18. Ms. VanHorn alleged that OPM "refuses to follow procedures of Due Process" and continues to violate her civil rights, enumerating various OPM actions that were, in her view, "direct evidence of [its] unabating discriminatory and retaliatory practices." SAppx. 17. One of these practices included "unlawfully terminat[ing her] health and life insurance." SAppx. 18. Ms. VanHorn sought "[a]ctual compensatory damages" and "nonpecuniary compensatory damages," "legal costs and fees," equitable relief, and "corrective measures." SAppx. 18.

On May 28, 2021, the Administrative Judge (AJ) issued an initial decision dismissing Ms. VanHorn's appeal for lack of jurisdiction. SAppx. 1–3. The AJ characterized Ms. VanHorn's appeal as arising out of her "re-enrollment in a Federal Employees Health Benefits plan by [OPM], and the later termination of her coverage under the same plan." SAppx. 1. The AJ explained that although the Board issued an acknowledgement order apprising Ms. VanHorn of her burden to establish Board jurisdiction over her appeal, Ms. VanHorn did not produce evidence of a final decision from OPM. SAppx. 2–3. In response to the acknowledgement order, Ms. VanHorn submitted a letter that she sent to OPM requesting a reconsideration decision, but she filed her appeal with the Board before hearing back from OPM. SAppx. 2. The AJ explained that Ms. VanHorn had therefore not established that the Board had jurisdiction over her claims because she had not shown that OPM had rendered a final decision. SAppx. 2–3.

On June 30, 2021, Ms. VanHorn filed a document with the Board asking the Board to "[c]ompel OPM to issue the FAD [Final Agency Decision]." SAppx. 44–49. A week later, on July 6, 2021, the Board informed Ms. VanHorn

that it was unclear whether her document was a petition for review addressed to the full Board and advised her that it would only treat her filing as such if she confirmed that was her intent by July 20, 2021. SAppx. 50–52. Ms. VanHorn did not file a response to the Board's letter. Accordingly, the initial decision became final as of July 2, 2021.

Ms. VanHorn timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Ms. VanHorn makes many arguments on appeal. First, she argues that the Board "failed to take into consideration that [she] did not sign [a] life insurance re-enrollment form," and that OPM "fraudulently deducted life insurance" premium payments from her lump sum retroactive payment and monthly retirement benefits. Petitioner's Br. 2. Second, she reiterates her Due Process and discrimination claims. *Id.* Third, Ms. VanHorn argues again that OPM unlawfully terminated her health insurance coverage and asks that OPM immediately reinstate her health insurance coverage without retroactively deducting the premiums from her benefits. *Id.* at 2–3. For the first time, Ms. VanHorn argues that the date from which OPM calculated her retroactive benefits payment was improper; and that OPM must correct her 1099-R form for fiscal year 2020 to reflect that she was on disability retirement. *Id.* at 3.

Whether the Board has jurisdiction over an appeal is a question of law that we review de novo. *See Bryant v. Merit Sys. Prot. Bd.*, 878 F.3d 1320, 1325 (Fed. Cir. 2017). The Board may exercise jurisdiction over administrative appeals only when authorized by a "law, rule, or regulation." 5 U.S.C. § 7701(a). We agree with the Board that it lacked jurisdiction over Ms. VanHorn's appeal.

We begin with Ms. VanHorn's claim that OPM fraudulently deducted life insurance premiums from her retroactive lump sum payment and from her monthly benefits even though she did not sign a life insurance enrollment form. Petitioner's Br. 1. Although the Board characterized Ms. VanHorn's claims as founded on OPM's administration of health insurance benefits, her claims are undisputedly founded on OPM's administration of the Federal Employees' Group Life Insurance Act (FEGLIA). *See* SAppx. 17 (stating "I, Jenifer A. VanHorn . . . am requesting to file a formal complaint against OPM for fraud, 're'enrolling life insurance without my consent, signature, nor dated, deducting all premium options"); *see also* Petitioner's Br. 2; SAppx. 30 (outlining Ms. VanHorn's "life insurance coverage under the Federal Employees' Group Life Insurance Program"). And, as we have held, the Board "does not have jurisdiction over appeals arising from OPM's administration of the Federal Employees' Group Life Insurance Act ('FEGLIA')." *Miller v. Off. of Pers. Mgmt.*, 449 F.3d 1374, 1377 (Fed. Cir. 2006); 5 U.S.C. §§ 8701–16.

We reach this conclusion notwithstanding the Board's different characterization of Ms. VanHorn's claims. We may affirm an agency's decision on "grounds other than those relied upon in rendering [the agency's] decision, when upholding the agency's decision does not depend on making a determination of fact not previously made by the agency," including in situations where the Board lacks jurisdiction. *McCarthy v. Merit Sys. Prot. Bd.*, 809 F3d 1365, 1373 (Fed. Cir. 2016) (quoting *In re Comiskey*, 554 F.3d 967, 974 (Fed. Cir. 2009)); *see also Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943) ("It would be wasteful to send a case back to a lower court to reinstate a decision which it has already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate."). Upholding the Board's determination that it does not have jurisdiction over any of Ms. VanHorn's claims

does not require our court to make factual findings not previously made by the Board, and instead requires only applying the relevant statutes to the undisputed facts of the case. 5 U.S.C. §§ 8701–16. Ms. VanHorn's primary claim is founded in her dispute with OPM's administration of FEGLIA, and more specifically OPM's allegedly improper collection of life insurance premiums, a claim over which the Board does not have jurisdiction. We thus affirm the Board's decision to dismiss this portion of Ms. VanHorn's appeal for lack of jurisdiction.

We turn next to Ms. VanHorn's claim that OPM "unlawfully terminated" her health insurance coverage; her allegations of various constitutional rights and statutory violations and crimes;[2] and her demand for damages and fees. SAppx. 2–3, 17–18, 26, 29. Although we liberally construe *pro se* filings like Ms. VanHorn's, this does not relieve her of her burden to establish jurisdiction. *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed. Cir. 1999); 5 C.F.R. § 1201.57(b). Ms. VanHorn did not produce any evidence of an OPM reconsideration decision or an OPM initial decision not subject to reconsideration. Furthermore, there was no basis for concluding that OPM improperly failed to render a decision. The Board found that the three weeks (at most) that passed between the date Ms. VanHorn allegedly sent her letter requesting a reconsideration decision to OPM and the date Ms. VanHorn filed her appeal to the Board was not sufficient to "construe OPM's lack of response as a constructive final decision." SAppx. 2–3. Because there was no final decision from OPM

---

[2] Ms. VanHorn alleges violations of constitutional Due Process; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Civil Rights Act of 1964; Title VII; and perpetration of trespass against common laws, oversight policies regarding pay and leave, and prohibited personnel practices.

regarding her health insurance coverage, the Board correctly determined that it did not have jurisdiction over these claims. *See* 5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308. We thus affirm the Board's decision to dismiss this portion of Ms. VanHorn's appeal for lack of jurisdiction.[3]

Finally, Ms. VanHorn argues that the start date of her retroactive disability retirement payments was improperly determined and that OPM must correct her 2020 1099-R form. These claims, raised for the first time on appeal, are waived. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge" if the issue is "to be preserved for review in this court.").[4]

## CONCLUSION

For the above reasons, we affirm the decision of the Board.

## **AFFIRMED**

### COSTS

No costs.

---

[3]    Ms. VanHorn can raise these issues before the Board once OPM issues a final decision.

[4]    To the extent that Ms. VanHorn's complaint, liberally construed, did properly raise a challenge to her disability retirement payments and tax document, the Board would not have had jurisdiction due to Ms. VanHorn's failure to obtain a final decision from OPM regarding those claims. *See* 5 U.S.C. §§ 8347(d), 8461(e); 5 C.F.R. §§ 831.110, 841.308.