NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EILEEN L. MANNING,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1963

---

Petition for review of the Merit Systems Protection Board in No. PH-0831-17-0200-I-1.

---

Decided: January 9, 2024

---

EILEEN MANNING, Baltimore, MD, pro se.

CALVIN M. MORROW, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before LOURIE, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Eileen L. Manning, a former employee of the Social Security Administration ("the SSA"), appeals from a Merit Systems Protection Board ("the Board") decision finding that it lacked jurisdiction to consider her claim. *Manning v. Off. of Pers. Mgmt.*, Dkt. No. PH-0831-17-0200-I-1 (M.S.P.B. Mar. 22. 2023), S.A.[1] 1–6 ("*Decision*"). For the reasons below, we *affirm*.

BACKGROUND

Manning worked for the SSA for nearly 40 years. *Decision* at 2, S.A. 2. On October 5, 1993, Manning applied for an optional retirement annuity from her GS-05 position under the Civil Service Retirement System ("CSRS"). *Id.* The Office of Personnel Management ("OPM") granted her application, effective December 31, 1993, and commenced her annuity payments, effective January 1, 1994. *Id.*

On December 14, 2015, Manning sent a letter to OPM, asserting that she had been eligible to retire under the 1979 voluntary early retirement authority ("VERA") program and requesting a declaration to that effect because she believed it would "assist her in receiving Social Security Benefits." *Id.* The 1979 VERA program offered voluntary early retirement to SSA employees at GS-12 level and above within certain geographic locations, who were at least 50 years of age with 20 years of experience or any age with 25 years of experience, among other criteria. *Id.* Manning had not applied for the 1979 VERA program when she applied for optional retirement in 1993. *Id.*

In a January 15, 2016 initial decision, OPM determined that Manning was ineligible for the 1979 VERA because she did not meet the grade level requirement of GS-12. *Id.*; S.A. 29–30. On February 9, 2017, OPM issued a

---

[1] "S.A." refers to the Supplemental Appendix filed concurrently with the government's informal response brief.

reconsideration decision, affirming its initial decision. *Decision* at 2, S.A. 2; S.A. 26–28. Manning appealed to the Board, arguing that she was eligible for the 1979 VERA because (1) the statutory requirements for voluntary early retirement did not include a minimum grade level, (2) OPM had exceeded its legal authority by limiting VERA eligibility based on grade level, and (3) she met all the VERA requirements aside from grade level. *Decision* at 3, S.A. 3. She further asserted that OPM's error in determining she was not eligible for VERA had prevented her from obtaining SSA benefits to which she was entitled. *Id.*

The administrative judge ("AJ") issued an initial decision, reversing OPM's reconsideration decision. *Id.*; S.A. 7–15. The AJ found that OPM lacked the authority to limit VERA eligibility based on grade level, and therefore its determination that Manning was not eligible for the 1979 VERA on that basis was incorrect. *Decision* at 3, S.A. 3. OPM petitioned for review, arguing for the first time that both OPM and the Board lacked jurisdiction over Manning's claims, and that the AJ's initial decision should therefore be vacated. *Id.* The Board agreed, finding that Manning had not met her burden to prove that OPM's February 9, 2017 decision "implicate[d] her rights or interests under CSRS." *Id.* at 5, S.A. 5. It noted that Manning "seeks to have OPM issue an opinion as to her VERA eligibility to influence SSA's determination regarding her Social Security benefits" but that she was not "seeking an annuity based on her eligibility for voluntary early optional retirement." *Id.* It concluded that OPM's February 9, 2017 letter, therefore, did "not qualify as an appealable reconsideration decision." *Id.* The Board then vacated the AJ's initial decision and dismissed the appeal for lack of jurisdiction. *Id.* at 6, S.A. 6.

Manning timely appealed the decision, and we have jurisdiction under 5 U.S.C. § 7703(b)(1)(A).

DISCUSSION

The Board's determination that it lacked jurisdiction over Manning's claim is a question of law that we review *de novo*. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's jurisdiction over CSRS retirement cases is governed by 5 U.S.C. § 8347(d)(1). That statute limits the Board's jurisdiction over CSRS cases to those involving "an administrative action or order affecting the rights or interests of an individual." § 8347(d)(1). The burden is on the claimant to establish jurisdiction by a preponderance of the evidence. *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1325, 1344 (Fed. Cir. 2006) (en banc); *Lourens v. Merit Sys. Prot. Bd.*, 193 F.3d 1369, 1370 (Fed. Cir. 1999); 5 C.F.R. § 1201.56(b)(2)(i)(A).

Manning contends that her alleged entitlement to the 1979 VERA is a right or interest under the CSRS, regardless whether or not she actually applied for VERA. We disagree. It is undisputed that Manning did not apply for VERA nor is she is currently seeking to alter her annuity in any way. *Decision* at 2; S.A. 2. Rather, she only asks for OPM to issue an opinion on her VERA eligibility, which she could then use to potentially influence the SSA to obtain favorable Social Security benefits for which she has not yet applied. A decision by the Board about what Manning may or may not be entitled to, without an actual claim for retirement benefits, would amount to an improper advisory opinion. 5 U.S.C. § 1204(h) ("The Board shall not issue advisory opinions."). Even given the liberality with which we construe *pro se* filings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Manning has not proven by a preponderance of the evidence that OPM's February 9, 2017 reconsideration decision is a final decision that affects her "rights or interests." § 8347(d)(1); 5 C.F.R. § 831.110. For that reason, the Board was correct in determining that it did not have jurisdiction to consider Manning's claim.

CONCLUSION

We have considered Manning's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.